BRIGHTON BY THE SEA, INC., Respondent, *v.* MINNIE RIVKIN and
  " BARNEY " RIVKIN, First Name " Barney " Being Fictitious,
  Real First Name Being Unknown to Plaintiff, Appellants.

Second Department, June 29, 1922.

**Equity — action to restrain violation of covenant against using property
  for business purposes — covenant solely for benefit of grantor — injunc-
  tion pendente lite denied.**

In an action to restrain the violation of a restrictive covenant in a deed which in
  part provided that the purchaser " will not carry on or cause or permit to be
  carried on, any trade or business whatsoever upon any part of said premises,"
  it appeared that the plaintiff owned a large block of land and had developed the
  same by erecting thereon dwellings, the greater number of which it had sold
  and transferred by deed containing the restrictive covenant; that the covenant
  contained a provision that it should run with the land until January 31, 1930,
  and reserved to the plaintiff the right to alter, modify or annul the covenant by
  agreement with the owners of the premises, and provided further, that nothing
  should be construed to impose any obligation upon the plaintiff to restrict any
  of its other property; that in several instances the plaintiff had made agreements
  with the owners of certain of the parcels, waiving, limiting and modifying the
  restrictions.

*Held*, that there is nothing in the record to show any special injury to the plaintiff
  from the use of the defendant's property for a real estate brokerage office, and
  nothing to show the relation of the property still owned by the plaintiff to that
  of the defendant, and that the facts presented are not sufficient to induce the
  court in advance of the trial to enforce the covenant by an injunction *pendente
  lite.*

The provisions reserving to the grantor control of the restrictions prevented any
  mutuality of covenant between the grantees and marked the covenant as being
  for the benefit of the grantor solely.

APPEAL by the defendants, Minnie Rivkin and another, from an
order of the Supreme Court, made at the Kings Special Term and
entered in the office of the clerk of the county of Kings on the 17th
day of May, 1922, granting plaintiff's application for an injunction
*pendente lite* and enjoining the defendants from carrying on the
business of real estate operators on premises owned by one of them,
in violation of an alleged agreement restricting the use of the
property.

*Abraham Aronstein* [*Harry Mabel* with him on the brief], for the
appellants.

*A. Sidney Galitzka,* for the respondent.

BLACKMAR, P. J.:

The plaintiff, the owner of about ten blocks of land at Brighton
by the Sea, developed the same by erecting thereon about 300

dwellings, the greater number of which it has sold, while retaining a portion.   Upon the property so sold it has taken back mortgages amounting to upwards of $500,000.   The deeds, including one to defendant Minnie Rivkin, contain covenants restricting the character of the buildings to be erected upon the land to dwelling houses for one family only, and contain a provision that the purchaser " will not carry on or cause or permit to be carried on, any trade or business whatsoever upon any part of said premises." The covenants contained a provision that they should run with the land until January 31, 1930, when they should cease, and reserved to the plaintiff, grantor, the right to alter, modify or annul at any time such covenants and restrictions by agreement with the then owner of the premises, and further provided that nothing should be construed to impose any obligation upon the plaintiff to restrict in any manner any other property shown upon the map or thereafter owned by the plaintiff.

The covenant, interpreted in the light of the character and extent of the tract of land to which it was applied, was evidently exacted for the benefit and protection of contiguous or neighboring land which the owner retained.   There was no uniform plan of development under beneficial restrictions, enforcible by any grantee as against any other.   The provisions reserving to the grantor control over the restrictions prevented any mutuality of covenant and consideration between the grantees, and marked the covenant as being for the benefit of the grantor.   It belongs to the second class of covenants mentioned by Judge WERNER in *Korn* v. *Campbell* (192 N. Y. 490).   There is no doubt that such a covenant is within the competency of the parties to the grant, but the question is, whether a case is presented by the record in which an injunction *pendente lite* should issue.

The defendant Minnie Rivkin is the owner of property on East Fourth street, 100 feet from Brighton Beach avenue.   The deeds to the property abutting on Brighton Beach avenue permit the use of such property for business purposes, and in several instances the plaintiff has made agreements with the owner of certain of the parcels waiving, limiting and modifying the restrictions thereon.

There is no evidence showing the relation of any property still owned by the plaintiff, or upon which the plaintiff holds mortgages, to the property owned by the defendant.

The right to a decree of specific performance of a covenant of real property rests in the discretion of a court of equity.   (*Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311.)   In the case before us the plaintiff reserved the right, not only to grant any portion of the land free from the covenants and restrictions, but to make any

agreement with any owner of any parcel to relieve such parcel from the restrictions altogether. It may do this for any reason which moves it, and so may utterly destroy the uniform scheme of building which, it is suggested, the covenants were exacted to secure. Having sold the property to defendant, the plaintiff claims the right to tie the defendant's hands in the use of the property and to grant to the owners of adjacent property the use free and discharged from any restrictions whatever. In *Sohns* v. *Beavis* (200 N. Y. 274) Judge VANN, speaking of such a covenant, uses the following words: "A restrictive covenant of this kind would enable the original grantor to hold every one of its grantees and their grantees at its mercy. They would be bound and helpless, while it would be in a position to exact and extort. After the tract had been well built up with beautiful homes, unless the exactions of the company were complied with it could open any part of it to any kind of business from a livery stable to a saloon." The decision in that case was upon the marketability of the title, but the statement of the possibilities of such a restriction is valuable as showing reasons which may well make a court of equity hesitate to tie up the defendant to the exact terms of the restrictions and leave the plaintiff at liberty to sell to neighbors of the defendant the right to use the property as they may see fit.

There is nothing in the record to show any special injury to the plaintiff from the use of defendant's property for a real estate brokerage office. There is nothing even which shows the relation of the property still owned by the plaintiff to that of the defendant. There are no facts shown that are sufficient to induce the court, in my opinion, in advance of the trial, to enforce this covenant by an injunction *pendente lite*. The question whether a court of equity should award its remedy by decreeing specific performance of the covenant, and an injunction, should be reserved to the trial of the action, when a full disclosure can be made of all the facts whereby the court may determine whether it is equitable and just that the injunction should be granted.

The order should be reversed on the law and facts, with ten dollars costs and disbursements, and the motion for an injunction denied, with ten dollars costs.

RICH, KELLY, JAYCOX and YOUNG, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion for injunction denied, with ten dollars costs.