HENRY DOBKOWSKI and Others, Plaintiffs, *v.* AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA and Others, Defendants.

Supreme Court, Special Term, Queens County, June 5, 1937.

*Anthony Di Paola,* for the plaintiffs.

*Charlton Ogburn* and *Arthur Reyman,* for the defendants.

*Thomas Fitzpatrick,* for Local 1020.

*Walter R. Hart,* for the Green Bus Lines, Inc.

LOCKWOOD, J.   The plaintiffs were formerly employed by three bus companies operating in zone C of Queens county.   On November 15, 1936, the defendant Green Bus Lines, Inc., absorbed these three independent lines and the plaintiffs became employees of the Green Bus Lines, Inc.   On October 1, 1936, the plaintiffs became members of the defendant union.

Theretofore, and on May 20, 1936, the defendant union entered into a contract with the Green Bus Lines, Inc., for the purpose of submitting to arbitration certain disputes concerning the rights and duties of the parties and the members of the defendant union as to terms and conditions of employment, etc.   The award in arbitration was made on August 11, 1936, and accepted by the parties.

Paragraph 3 provides: " The company agrees to abide by such usual rules of seniority among its employees as are adopted by the union."

Paragraph 5 provides: " The company agrees to abide by the rules of seniority as prescribed under sections 5 and 13 of the arbitration award of August 11, 1936, except that the stockholders now employed by the company on the list of one hundred and ninety (190) to be supplied by the company may continue in their present status and new or additional employees may only be employed

subject to the terms prescribed in section 8 of the award, and in the event that a stockholder shall sell or transfer his stock, the purchaser thereof is not entitled to employment except as eligible to apply for employment under the conditions presented in said section 8."

Paragraph 8 provides as follows: " Should the company desire to hire new or additional employees, it shall have the right to do so upon condition that all employees of the company are fully employed in accordance with their seniority rights. Such employees shall be hired by the company for a probationary period of one month, and at the end of such time must apply for membership in the local, provided that said employee is satisfactory to both the local and the company, and upon payment of dues from date of commencement of service. Said employee shall not be engaged after said probationary period unless he shall become a member in good standing of the local."

Paragraph 13 provides as follows: " It is agreed that the principle of seniority shall be applied to the employees of the company. The seniority of the present company's employees is recognized in accordance with seniority principles as generally applied by the Amalgamated Association. All operators shall be governed by seniority on all runs of the company. The local agrees to furnish a list of employees in order of seniority within sixty days after the signing of this contract, to be attached as Exhibit C. In the case of routes or buses taken over by the company from other companies or individuals in Zone C or D in Queens, the operators of such routes or buses, as taken over, shall have, if members of the Amalgamated Association, seniority, in accordance with the usual rules, especially as to the operation of such routes or buses for a period of eighteen months after the date of this contract. Subsequent to such time, such route seniority may be continued at the option of the company or merged with the seniority of the operation as a whole, except that all time spent in the operation of such specified routes or buses shall be counted in determining seniority on the system as a whole."

It appears that in March, 1937, there was not enough work for all the members of the union, for on the twenty-eighth of that month the plaintiffs were advised by notices posted on the Green Bus Lines' bulletin board that they had been temporarily furloughed. Plaintiffs state that inquiry disclosed that defendants Local Division 1020 and the Green Bus Lines, Inc., had participated in this action. Thereafter, at a meeting of the local division, the furlough of the plaintiffs, after discussion, was approved by a vote of 73 to 62.

The plaintiffs, in bringing this action and seeking a temporary injunction, claim that their furlough constitutes a breach of the agreement dated August 11, 1936. They claim to have been employed by the independent bus companies operating in zone C for periods ranging from four to fifteen years, and contend that under sections 5, 8, and particularly 13 of the award above set forth, their seniority rights were guaranteed by the defendants.

The defendant union contends that the plaintiffs are not entitled to the relief sought since they have failed to exhaust the remedies provided for in the constitution and general laws of the defendant Amalgamated Association, etc., particularly section 80 thereof, which provides that any member or members, feeling that they have been unfairly dealt with by the local division, have the right to appeal to the international president, the general executive board, and from there to the regular convention of the association, and that members must not take legal action or go into court until they have exhausted all their rights within the association and have finally appealed to the convention on the same.

The plaintiffs have communicated with officers and delegates of defendant Amalgamated, officers and agents of the defendant Green Bus Lines, Inc., and with officials of the city in an effort to effect an amicable settlement of the controversy, but it does not appear that any formal appeal has been taken by the plaintiffs from the action of the local division, as prescribed by section 80 of the constitution and general laws.

However, if the circumstances are such that it would be unreasonable and a practical denial of justice to require the plaintiffs to exhaust their remedies within the association, the fact that no formal appeal had been taken would not defeat the plaintiffs' action. (*Fritz* v. *Knaub*, 57 Misc. 405; affd., 124 App. Div. 915; *Kaplan* v. *Elliot*, 145 Misc. 863.) The defendant union takes the position that the plaintiffs, being the last men to become members of the union, are properly the first to be furloughed when there is not enough work for all. The president of the defendant Amalgamated, who presumably is familiar with its affairs, states in his affidavit that paragraphs 5 and 13 of the award were inserted to clarify the relationship and seniority between the membership of Local 1020 and the membership of Local 1058, who at the time had conflicting interests, and also the relationship of the local with the bus company and the stockholders thereof. He also sets forth paragraph 3 of the award heretofore quoted and states that this paragraph is direct and positive. This defendant claimed that the local has the power to make the rules of seniority out of which the dispute has arisen, and that it was the action of the local which

decided the seniority of the employees, neither the company nor the Amalgamated having any part direct or indirect in the determination thereof.

The defendant Green Bus Lines, Inc., is obliged under its contract with the union " to abide by such rules of seniority among its employees as are adopted by the union." Therefore, this controversy is solely between the union and some of its members.

The real issue is whether the plaintiffs' seniority shall be determined by their length of service as employees of the three independent lines prior to their acquisition by the Green Bus Lines, Inc., as suggested by the last two sentences of paragraph 13 of the award, or by the length of time they have been employees of the Green Bus Lines, Inc., and members of the defendant union, the rule that has been adopted by the union and which it claims is justified by paragraphs 3, 5 and 8 of the award.

To determine the rights of the plaintiffs requires the construction and interpretation of the provisions of the award concerning seniority rights. This is difficult, if not impossible, upon the pleadings and the affidavits and exhibits submitted on the application. Both paragraphs 3 and 13 of the award refer to the " usual rules " of seniority. There is nothing before the court to indicate what such " usual rules " are, whether they are whatever rules as are adopted by the union or whether such rules as are adopted by the union must follow some usual well-defined practice or custom.

The issues involved may be properly determined only by trial. Moreover, as part of the relief sought in this action, the plaintiffs ask to recover from the defendants any damage or damages sustained as a result of the breach by the defendants of the agreement dated May 20, 1936. Therefore, if the plaintiffs sustain their contention and are successful in this action, they will sustain no irreparable damage if the temporary injunction they seek is not granted.

Under the circumstances disclosed, the issuance of an injunction *pendente lite* would not be proper. (*Brighton by the Sea, Inc.*, v. *Rivkin*, 201 App. Div. 726; *Reliance Grant Elevator Equipment Corp.* v. *Reliance Ball Bearing Door Hanger Co.*, 205 id. 320; *Pine Hill-Kingston Bus Corp.* v. *Davis*, 225 id. 182.)

Motion denied.