WALTER D. LUDLUM, Plaintiff, *v.* KATHRYN E. HASKINS and Others, Defendants.

Supreme Court, Special Term, Kings County, April 24, 1941.

*Corner, Bell, Russell & McNulty*, for the plaintiff.

*Egbert W. Doughty*, for certain defendants.

*Benjamin Cohn*, for certain defendants.

*David Ginsberg*, guardian *ad litem* for Arthur E. Hatch, Jr.

STODDART, J.   In this action it appears that in 1901 the T. B. Ackerson Construction Company acquired some ten acres of land in Brooklyn.   It developed the property by filing a map and by subdividing the property into lots, all of which were sold between 1901 and 1907.   All the parties to this action derived their title to their property directly or through mesne conveyances from the Ackerson Company.   This action was brought to remove covenants and restrictions imposed by that company in its sale of the property. The owners of eight parcels opposed the relief sought by plaintiff and thirty-two other owners consent to and join with the plaintiff for similar relief.

All of the deeds from the Ackerson Company which contain restrictions also provide as follows:

" *Third.*   That the party of the First Part shall have the right to modify or omit any of the above covenants in conveyances of any gore lots or any lots lying west of the westerly side of East 13th Street or the land fronting on Avenue C to a depth of 125 feet or less."

That provision reserved to the grantor within the area specified control over the restrictions, which prevented mutuality of covenant and consideration between the grantees, and marked the covenant as being for the benefit of the grantor.   (*Brighton By The Sea, Inc.*, v. *Rivkin*, 201 App. Div. 726, 727.)

In *Rose.* v. *Jasima Realty Corporation* (218 App. Div. 646) the court said (p. 651): " Where restrictions are for the sole benefit of the land retained by the grantor, the grantees cannot enforce them against one another.   The grantor alone has the power of enforcement, and by him they may be enforced against the original covenantor and also against the covenantor's successors in title

who are chargeable with notice. (*Korn* v. *Campbell*, 192 N. Y. 490; *Hodge* v. *Sloan*, 107 id. 244.) And the exclusive power to enforce carries with it the power to modify, so long as the grantor retains part of the tract in his possession."

The reservation was solely for the benefit of the grantor. (*Rose* v. *Jasima Realty Corporation, supra.*) All lot purchasers were on notice that the right to modify the restrictions was reserved and might be exercised.

The Ackerson Company conveyed its last parcel of property in 1907. A number of years later the company was dissolved. Since the original grantor is now out of existence, there is no one who may insist upon the enforcement of the restrictive covenants in those cases where the grantor reserved unto himself the right to modify or omit the same. There is no mutuality of covenant between the other property owners.

The plaintiff Ludlum should be given the relief he seeks for the further reason that the court finds as a fact that Cortelyou road has changed in character and that it is now decidedly a business thoroughfare.

Accordingly, judgment is granted in favor of the plaintiff. Judgment is also granted in favor of those property owners who have joined with plaintiff, whose property is located on the north side of Cortelyou road to a depth of 125 feet, and to those property owners on the westerly side of Argyle road. Since the defendant Olsen's property is located in that area, he may also have this relief is he so desires.

With respect to the remaining property owners, the court finds that a definite plan and scheme were set up when their lots were originally conveyed; that although there have been some violations of the restrictive covenants, those violations have not been substantial, and that, furthermore, the proof shows that there has been no such change in the character of the neighborhood that would entitle them to a removal of the restrictions.

Submit judgment on notice.