WALTER D. LUDLUM, Respondent, v. KATHRYN E. HASKINS and Others, Appellants.— This action was brought by the plaintiff seeking judgment canceling certain restrictions in so far as they affected his property. All the owners and mortgagees of property similarly affected were made parties defendant. A number defaulted, but some forty owners out of a total of sixty-eight answered. Thirty-two such defendants joined in the plaintiff's prayer for relief and, by appropriate allegations, cross-claimed for the same relief against the plaintiff and the remaining defendants. This group will be referred to as Thoms et al. Another group, designated as West et al., eight in number, answered, demanding judgment dismissing the complaint and cross-claims of the group known as Thoms et al., and in the alternative that if relief was granted to any of the defendants joining with the plaintiff, then in that event they likewise sought relief from the restrictions. The judgment granted the relief sought by the plaintiff and granted similar relief to ten of the group of owners joining in the answer of Thoms et al., and denied relief to twenty-two of that group and also denied relief to all of the defendants joining in the answer of West et al., except one. From this judgment the twenty-two owners in the Thoms et al. group appeal and ask that the judgment in so far as it refuses them relief under their cross-claim be reversed and such relief granted. Appeal is also taken by the West et al. group from so much of the judgment as removes the restrictions from the plaintiff's lots and from the lots of the ten defendants granted relief. In their brief this latter group asks in the event that the restrictions are declared unenforcible as to all of the lots of the defendants Thoms et al., the same relief be granted to them. The trial court found that there was a general plan, that there had not been substantial violations of the covenant and that there was no such change in the character of the neighborhood as would make the restrictions unenforcible against those defendants in the Thoms et al. group who were refused any relief. As to the plaintiff and the defendants to whom relief was granted the court found that the common grantor had reserved

such a control over the restrictions affecting their property that the restrictions were unenforcible by such several grantors *inter se*. This court has reached the conclusion that conditions have so changed in this subdivision as to make the covenants unenforcible in equity and that the judgment should be modified on the law and the facts accordingly, and as so modified, affirmed, without costs. Lazansky, P. J., Carswell, Taylor and Close, JJ., concur; Hagarty, J., dissents and votes to affirm. Settle order on notice. [177 Misc. 103.]