JOSEPH W. HOFF, Doing Business under the Name of HOFF TAXI Co., et al., Plaintiffs, *v.* CITY OF LONG BEACH et al., Defendants.

Supreme Court, Special Term, Queens County, August 18, 1950.

*Joseph F. Carlino* for plaintiffs.

*Bernard M. Bailey, Corporation Counsel,* for defendants.

*Joseph C. Zavatt* for Nassau Bus Line, Inc., *amicus curiæ.*

SwEZEY, J. Plaintiffs, owners and/or drivers of taxicabs operating in and licensed by the city of Long Beach, seek an injunction *pendente lite* to restrain the enforcement of an ordinance passed by the defendant City of Long Beach on July 25, 1950, and of certain rules and regulations promulgated by the police department of that city on July 28, 1950.

It is well settled that upon a motion for a temporary injunction plaintiff must submit factual proof of a clear right to such drastic relief. (*Brighton by the Sea, Inc.* v. *Rivkin,* 201 App. Div. 726, 728; *Kelman* v. *Kaplan,* 91 N. Y. S. 2d 165, 167.) The court has examined the grounds upon which invalidity of the ordinance, rules and regulations is sought to be predicated, and finds them insufficient to grant the relief here sought.

Plaintiffs' first ground of attack is that subdivision (e) of section 2 and subdivision (d) of section 8 of the ordinance are null and void as an infringement of the State's exclusive control of the streets and highways.

Subdivision (e) of section 2 provides: " ' Cruising '. Means the driving of a taxicab on the streets, boulevards, avenues or other public places of the City of Long Beach in search of prospective passengers for hire. Driving an empty cab on the streets, boulevards, avenues or other public places of the City of Long Beach shall be presumptive evidence of cruising."

Subdivision (d) of section 8 provides: " No driver shall cruise in search of passengers. Taxicabs may proceed to any destination from which a call has been received or to which they are directed by a passenger."

It is clear that there is no inherent or vested right to use public streets for hire. (*Matter of Rudack* v. *Valentine,* 163 Misc. 326, affd. 274 N. Y. 615; 7 McQuillin on Municipal Corporations [3d ed.], § 24.661, p. 709.) Such use is a privilege which may be granted, subject to reasonable regulation, by a munici-

pality in pursuance of the authority delegated to it by the State. (*Matter of Rudack* v. *Valentine, supra; People* v. *May,* 98 Misc. 561, 569.) The ordinance in question was enacted pursuant to subdivision 4 of section 74 of the Charter of the City of Long Beach (L. 1922, ch. 635) which provides: " The council shall, in addition to the authority conferred under general laws, from time to time enact ordinances :   \*   \*   \*

" 4. To license and regulate   \*   \*   \*   owners and drivers of taxicabs   \*   \*   \*   and to fix the rates of compensation to be taken by them ".

Pursuant to that authority and to the authority vested in it by the Vehicle and Traffic Law (see the second paragraph of section 54), the municipality had power to enact a reasonable ordinance regulating the operation of taxicabs. The prohibition against cruising was within that power. (See *People ex rel. Van Norder* v. *Sewer Comm. of Vil. of Saratoga Springs,* 90 App. Div. 555; see, also, *Masterson* v. *Short,* 7 Robt. 241, 244–245.) Nor can it be said on the papers before this court that such a regulation of taxicabs by the legislative body of the municipality concerned is on its face unreasonable, although it may be that upon the development of the facts on the trial such unreasonableness may be demonstrated.

The second ground of plaintiffs' attack is that the rules and regulations promulgated by the police department of the city of Long Beach, pursuant to the authority vested in it by subdivision (b) of section 8 of the ordinance, are entirely illegal since the charter of the city does not vest in the council the right to delegate such authority. The position is untenable. It is true that the authority to delegate is not contained in the charter; the Legislature, however, has given such authority by statute. (Vehicle and Traffic Law, § 90, subds. 4, 6.)

The third ground, which challenges the validity of the rules and regulations because of the failure of the city to formulate a standard in delegating to the police department the power to promulgate rules and regulations, is also untenable. Subdivision (b) of section 8 of the ordinance provides: " The Commissioner, the Chief and Acting Chief of Police are hereby authorized to promulgate such rules and regulations as they may deem necessary for the proper conduct of the taxicab business, and to that end may promulgate rules and regulations as to cruising, use of streets and use of equipment and such other regulations as they may deem necessary and proper." As the defendants point out, it is difficult to see what other standard or policy the council could have adopted.

For their fourth ground, plaintiffs urge that, assuming the proper delegation of power to the police department and the existence of a reasonable standard for them to follow in promulgating rules and regulations, certain provisions of such rules and regulations are *ultra vires* and in contravention of State rule. The provisions under attack, i.e., restricting the places from which community riding is permitted and prohibiting taxicabs from picking up passengers from a designated bus stop, are clearly within the city's power to regulate the conduct of the taxicab business. (Cf. *Yellow Taxicab Co.* v. *Gaynor*, 82 Misc. 94, affd. on opinion of SEABURY, J., 159 App. Div. 893, 888, affd. 211 N. Y. 597, 598, 212 N. Y. 97.)

The last attack made by the plaintiffs is against section 12 of the city's ordinance which provides in the part here relevant: " The Commissioner, Chief or Acting Chief of Police may at any time revoke any license hereunder for reasonable cause after a hearing, at which the driver and/or owner may present his proof and cross-examine witnesses. The Commissioner, Chief or Acting Chief of Police may in his discretion suspend any license hereunder during an investigation of charges of improper conduct by a driver or holder of a taxicab license."

Plaintiffs contend that that section is unreasonable, arbitrary and unconstitutional. The court cannot agree. No license may be revoked until after a hearing. What may be done is that a license may be suspended " during an investigation of charges of improper conduct." It would seem that such a provision is not an unreasonable method of obtaining that continued control over such drivers which is essential to the protection of the public. (See Vehicle and Traffic Law, § 71, subd. 3.)

It is not meant to intimate herein that several of the provisions attacked by the plaintiffs may not, after a trial and full development of the facts, be held to be unreasonable. It is only held that neither absence of power nor unreasonableness has here been so clearly established as to warrant the granting of a temporary injunction.

Settle order on notice.