**SAMUEL v. CURTIS PUB. CO.**
No. 33492.

United States District Court,
N. D. California, S. D.
July 15, 1954.

Wainwright, Raggio & Racanelli, San Francisco, Cal., for plaintiff.

Cooper, White & Cooper, San Francisco, Cal., for defendants.

HAMLIN, District Judge.

The defendant published a picture of plaintiff in the February 6, 1954, issue of the Saturday Evening Post. In this picture plaintiff was standing on the San Francisco Golden Gate Bridge attempting to persuade a woman who was over the side of the bridge not to jump into the water. The caption properly depicts the scene and names Samuel and the woman. The picture is used in connection with an article dealing with suicides. However, nothing in the article refers to the picture and the picture is not necessary to the article, but is merely illustrative of various types of suicides. The picture first appeared in the San Francisco Call-Bulletin, a newspaper, on April 22, 1952, the day the woman committed suicide.

Plaintiff brings this action for invasion of privacy. The case is now before the Court on defendant's motion to dismiss or for summary judgment.

■ This is a diversity case of which the Court has jurisdiction, plaintiff being a citizen of California and defendant a corporate citizen of Delaware. This Court must apply the law of California. In similar actions, California applies its own "right of privacy" law, and not that of Pennsylvania (The Saturday Evening Post is published in Pennsylvania). Gill v. Curtis Pub. Co., 1952, 38 Cal.2d 273, 239 P.2d 630.

■ In California there are two elements in the tort of invasion of the right of privacy. The *first* is whether privacy has been invaded and the *second* is, if so, was that invasion privileged. Gill v. Curtis Pub. Co., supra.

■ An invasion of the right of privacy occurs not with the mere publication of a photograph, but occurs when a photograph is published where the publisher should have known that its publication would offend the sensibilities of a normal person, and whether there has been such an offensive invasion of privacy is to some extent a question of law, Gill v. Curtis Pub. Co., supra; Gill v.

Hearst Pub. Co., 1953, 40 Cal.2d 224, 253 P.2d 441. Where the photograph portrays nothing to shock the ordinary sense of decency or propriety, where there is nothing uncomplimentary or discreditable in the photograph itself, and where the caption and article add nothing that makes the photograph uncomplimentary or discreditable no actionable invasion of the right of privacy occurs, Gill v. Hearst Pub. Co., supra.

The picture here in question is rather a blurred picture of Mr. Samuel. He is talking to a woman who is hanging on the edge of the bridge, about to jump. The eye-catching part of the picture is the woman hanging on the side of the bridge. The caption correctly depicts the picture and the fact that Mr. Samuel was attempting to persuade the woman not to jump. Mr. Samuel is not presented in a derogatory pose, nor is there anything to represent that his conduct is in any way reprehensible. Indeed, it was most laudatory. The Court finds that no reasonable person could find anything in the appearance or conduct of Mr. Samuel which would cause the publisher of the picture to have reason to believe that the picture would offend the sensibilities of a normal person. Thus, under the Gill v. Hearst Pub. Co. case, supra, it is the duty of the Court to grant the defendant's motion for summary judgment.

The Court also finds that the publication of this picture by Curtis was a privileged publication. When first published in the San Francisco newspaper, it was privileged because it was newsworthy and of general public interest. Gill v. Hearst Pub. Co., supra; Leverton v. Curtis Pub. Co., 3 Cir., 1951, 192 F.2d 974; Melvin v. Reid, 1931, 112 Cal.App. 285, 297 P. 91.

The mere passage of time generally does not destroy this privilege, at least, where the time elapsed is only two years. Leverton v. Curtis Pub. Co., supra, and see Sidis v. F–R Publishing Corp., 2 Cir., 1940, 113 F.2d 806, 138 A.L.R. 15.

Accordingly, the motion for a summary judgment on behalf of the defendant is hereby granted. Let defendant prepare judgment accordingly.