Charles S. BERNSTEIN, Appellant,

v.

NATIONAL BROADCASTING COMPANY, Inc., Appellee.

Nos. 12711, 12712.

United States Court of Appeals District of Columbia Circuit.

Argued March 29, 1956.

Decided March 22, 1956.

Petition for Rehearing Denied April 30, 1956.

---

Mr. Harry P. Warner, Washington, D. C., with whom Mr. Edward Genn, Washington, D. C., was on the brief, for appellant. Mr. Irving A. Levine, Washington, D. C., also entered an appearance for appellant.

Messrs. Percy A. Shay and Sidney H. Willner, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

These are appeals from a judgment of the District Court, in which that court granted the defendant's motion for summary judgment in two consolidated civil actions for invasion of privacy. Briefly stated the facts are that appellant Bernstein, under the name Charles Harris, was indicted in 1933 for first-degree murder, tried, convicted, and sentenced to be executed. Several persons, including a reporter on *The Washington Daily News*, interested themselves in his situation and, as a result of their efforts and considerable publicity, secured for him a commutation, then in 1940 a conditional release, and finally in 1945 a Presidential pardon. After his release Bernstein lived quietly and without notoriety. In 1952 the defendant National Broadcasting Company, in a telecast entertainment program entitled "The Big Story", made an award to the *News* reporter for her work in behalf of this man. The telecast was a fictionalized dramatization of the events of the trial, the publicity, and the release. Neither Bernstein's name nor the true name of any other person involved, except that of the reporter, was used. The events pictured differed in many respects from the actual events, but no features derogatory to Bernstein, other than those which appeared in the court records or in the publicity as of the time of the events, were depicted. Bernstein sued the National Broadcasting Company for invasion of privacy. His theory was that his private life after his restoration to society invested him with the same right of privacy he would have had if the events here involved had not been publicized. He conceded that only persons familiar with the trial or the publicity at the time would have identified the case in "The Big Story".

District Judge Keech rendered a long, careful and exhaustive opinion in the case.[1] We find nothing to add to his discussion. Upon that basis the judgment is

Affirmed.

1. Bernstein v. National Broadcasting Company, 129 F.Supp. 817 (D.C.D.C.1955).