Kenneth D. STRICKLER, Plaintiff,

v.

NATIONAL BROADCASTING COMPANY, Inc., and The Mennen Company, Defendants.

No. 30/58.

United States District Court
S. D. California,
Central Division.

Sept. 22, 1958.

Melville B. Nimmer, Attorney at Law, Beverly Hills, Cal., for plaintiff.

Lillick, Geary, McHose, Roethke, Los Myers, William A. C. Roethke, Los Angeles, Cal., Lloyd E. Blanpied, Jr., Newport Beach, Cal., for defendants.

WESTOVER, District Judge.

Plaintiff, a commander on active duty with the United States Navy, during October, 1956 was a passenger on a commercial air liner flying from Honolulu to San Francisco. While on such flight the air liner developed engine trouble and was forced to make an emergency landing. Plaintiff and other passengers and members of the crew were rescued by a Coast Guard cutter.

In 1957 defendants caused the name, identity and the aforesaid experiences of plaintiff to be depicted in dramatized form on a television program telecast over stations in Los Angeles and San Francisco and over numerous television stations affiliated with the defendant National Broadcasting Company, Inc. throughout the United States.

Plaintiff, claiming such telecasts were made in violation of his right of privacy and without his consent, filed the complaint at bar, setting forth nine causes of action. The First, Fifth, Sixth and Seventh Causes of Action are based on alleged invasion of the right of privacy upon non-statutory causes of action under the laws of California, Illinois, Florida and Pennsylvania.

The Third and Ninth Causes of Action allege invasion of the right of privacy, based upon the statutes of New York and Virginia.

The Second, Fourth and Eighth Causes of Action are based upon a claimed right to publicity.

The matter now comes before the court on a motion to dismiss. Plaintiff alleges in his first cause of action that the telecast, in depicting plaintiff's experiences in the emergency landing and evacuation,

vividly and cruelly revived in the public mind and in his mind the terrible and horrifying experiences which he had begun to forget prior to such telecasts.

The complaint alleges the television program portrayed plaintiff in the highly personal and private act of praying during the course of emergency landing; that it showed him out of uniform and wearing a so-called Hawaiian shirt; that the television program repeatedly depicted plaintiff as smoking a pipe and cigarettes, and that the program did not indicate the valuable assistance given by him in the evacuation of the occupants of the plane. Plaintiff claims he was placed in a false position by the telecasts and has experienced humiliation, embarrassment and great mental pain and suffering.

A cause of action predicated upon invasion of privacy is a tort action. It is settled law that an action in tort is governed by the law of the jurisdiction where the tort occurred. Loranger v. Nadeau, 215 Cal. 362, 10 P.2d 63, 84 A.L.R. 1264. Plaintiff contends the tort was committed not only in California but was committed in every State where the telecast was shown. The problem is stated by Judge Goodrich of the Third Circuit in Leverton v. Curtis Publishing Co., 192 F.2d 974, at page 975, as follows:

" * * * Where was the right of privacy invaded, for instance: Alabama where the plaintiff lived, Pennsylvania where the Saturday Evening Post was published, or every state in the Union to which the Post goes? If so, is there a separate lawsuit for each invasion? Does recovery in one action for one invasion preclude suit in some other state for another invasion? * * "

Defendant, in contending there is only one State in which the action could be maintained, to-wit, California, relies primarily upon the case of Bernstein v. National Broadcasting Company, D.C., 129 F.Supp. 817, 825. The Court in that case says, at page 825:

"The tort of invasion of privacy being a personal injury, the question

whether plaintiff has a cause of action on the facts stated by him should be determined by the law of the jurisdiction where he sustained the injury, * * *. The injury in these cases is the humiliation and outrage to plaintiff's feelings, resulting from the telecast. * * *

"Thus * * *, although the publication was set in motion in New York with the acting of the story and the transmission was completed in the District of Columbia by WNBW, the harm did not occur until the impact of the telecast upon plaintiff, in whatever jurisdiction he may be considered to have had his situs. * * *, although the program was broadcast 'live' simultaneously in a number of different states on January 18, 1952, and by kineoscope recording on subsequent dates in other jurisdictions, the impact of all the broadcasts occurred in one place, the jurisdiction where plaintiff was when his feelings were wounded.

" * * * If a tortious invasion of privacy be held to have occurred, damages for the injury to plaintiff's feelings would be assessed under the law of the one jurisdiction which is determined to have been his situs, * * * "

In reply plaintiff points out that defendant is able to point to only one case which supports this rule of law, i. e., Bernstein v. National Broadcasting Company, D.C.D.C.1955, 129 F.Supp. 817, affirmed 98 U.S.App. D.C. 112, 232 F.2d 369 and contrary to the Bernstein case, the prevailing rule, as held in a number of cases, is that the tort of invasion of privacy occurs in the place where the unwarranted and unlicensed publication is made.

The Bernstein case is the latest case on this subject, being decided on March 17, 1955. It is true the opinion as quoted is that of the trial judge. However, on appeal, the opinion of the trial judge was adopted in toto, the Court of Appeals stating (232 F.2d 369, at page 370):

"District Judge Keech rendered a long, careful and exhaustive opinion in the case. We find nothing to add to his discussion. Upon that basis the judgment is

"Affirmed."

A petition for certiorari to the United States Supreme Court was denied. 352 U.S. 945, 77 S.Ct. 267, 1 L.Ed.2d 239.

We are of the opinion the rule in California should be the one laid down in the Bernstein case, to-wit: that the cause of action should be determined by the law of the jurisdiction where plaintiff sustained the injury. According to the allegations of plaintiff's complaint, he is a resident of California. As a consequence, the alleged causes of action in all States other than California must be dismissed.

The Second, Fourth and Eighth Causes of Action are for invasion of a claimed right to publicity. Plaintiff contends the right to publicity is a newly recognized property right and that such right has been expressly recognized in New York. Haelan Laboratories Inc. v. Topps Chewing Gum, 2 Cir., 1953, 202 F.2d 866; Manger v. Kre Institute of Electrolysis, Inc., 2 Cir., 1956, 233 F.2d 5, 10, footnote 5, and in Pennsylvania (Hogan v. Barnes, 1957, 114 U.S.P.Q. 314). Plaintiff admits that the right of publicity has not as yet received recognition in California.

This Court does not feel it wishes to blaze the trail to establish in California a cause of action based upon the right of publicity. All causes of action in plaintiff's complaint must be dismissed, except the First Cause of Action.

Defendant contends the First Cause of Action should also be dismissed. Inasmuch as this is a diversity case and plaintiff has a cause of action in California only, the Court must apply California law, California being the place of the alleged invasion of privacy.

The rule relative to a cause of action based on the right of privacy in Califor-

nia is set out in the case of Gill v. Hearst Publishing Co., 40 Cal.2d 224, at page 229, 253 P.2d 441, at page 444:

"* * *, the right of privacy is determined by the norm of the ordinary man; that is to say, the alleged objectionable publication must appear offensive in the light of 'ordinary sensibilities.' 41 Am. Jur., Privacy sec. 12, p. 934. As has been said: '* * * liability exists only if the defendant's conduct was such that he should have realized that it would be offensive to persons of ordinary sensibilities. It is only where the intrusion has gone beyond the limits of decency that liability accrues * * *'."

Defendant contends the allegations contained in the First Cause of Action of plaintiff's complaint, i. e., that plaintiff was depicted in the highly personal and private act of praying; that he was depicted out of uniform wearing a Hawaiian shirt, and that the program failed to indicate plaintiff assisted in any manner whatsoever in said emergency landing and evacuation, and that the television program repeatedly depicted plaintiff as smoking a pipe and cigarettes when, in fact, plaintiff did not smoke either pipe or cigarettes, is not in itself such as would be offensive to a person of ordinary sensibilities.

Defendants further contend the question of offensiveness is a question of law for the court, and that the court can review the allegations of offensiveness and as a matter of law determine whether or not they are of such a character as to be offensive to persons of ordinary sensibilities. However, the authorities do not sustain defendants' contention.

In Leverton v. Curtis Publishing Co., supra, 192 F.2d 974 at page 976, the Court says:

"* * * We find no help in any of the reported cases or views expressed by the essay writers in answering the question whether this answer is one for the fact-finding body to make. * * *"

Judge Hamlin of the United States District Court for the Northern District of California, in Samuel v. Curtis Publishing Co., 122 F.Supp. 327, 328, stated:

"* * *, and whether there has been such an offensive invasion of privacy is *to some extent* * a question of law, * * *"

The Supreme Court of California has, however, established the rule that such a question is one of fact. In Gill v. Curtis Publishing Co., 38 Cal.2d 273, at page 280, 239 P.2d 630, at page 635, the Court says:

"* * * If the test is, as defendants claim, what an ordinary man would consider such, then it is a question for the trier of fact rather than one of law."

Defendants' motion to dismiss the First Cause of Action of the complaint is denied.