Joseph A. Brest, J.
Defendant General Motors has moved to dismiss three of the four canses of action set forth in the complaint herein. In his first and second causes of action, plaintiff alleges that defendant General Motors invaded his right of privacy hy investigating his private life and committing other offensive acts. For the purposes of this motion, it is conceded that General Motors, through its agents, made threatening telephone calls to plaintiff, tapped his telephone, attempted to entice him with women, “ shadowed ” him in "various places and caused him to he investigated hy interviewing numerous of his acquaintances who could provide defendant with information about him. It is alleged that all of this was done to silence plaintiff as a critic of defendant General Motors and its products. It is also conceded that these acts were carried on in many States, including New York, and in the City of Washington, D.C. Plaintiff was then a resident of the District of Columbia. The same afore-mentioned conduct is allegéd in *303 both first and second causes of action, with the difference, that in the latter, the conduct complained about is alleged to have taken place in New York, whereas in the former it is alleged to have taken place in all of the other States. Apparently this distinction has been made by plaintiff in order to squarely raise the issue as to whether he has a valid cause of action, under New York law, as to those acts performed within New York. Plaintiff’s third cause of action again alleges the same course of conduct as in the first and second cause, but this time he seeks to recover on the theory of intentional infliction upon him of mental suffering. Plaintiff’s fourth and last cause of action is based upon a different set of facts and seeks recovery for tortious interference with plaintiff’s prospective economic advantages, specifically alleging that defendant prevented the publication by plaintiff of articles critical of it and the automotive industry.
Defendant moves here to dismiss the first cause of action, or alternatively, to consolidate it with the third cause of action. At the threshold, a question arises as to which law this court is to apply to the facts alleged in the first cause of action. As noted, in the first cause of action, plaintiff claims that his right to privacy was violated by defendant’s acts in numerous States (expressly excluding New York) and that the law of each of the States wherein this conduct occurred should be applied to that particular conduct. In his papers, however, and in his oral argument, plaintiff appears to agree with defendant’s contention that primarily the law of the District of Columbia should apply. Defendant so contends because this was the situs of plaintiff’s residence, and therefore the chief place where the injuries to plaintiff’s feelings through defendant’s invasion of his right of privacy occurred. In part, the question of whether District of Columbia law alone applies, or the law of the various States mentioned, is to be individually applied, is not necessary for this court to determine, because the court finds that the law recognizes that the right of action which plaintiff states in his first cause of action exists in all of those jurisdictions.
As to plaintiff’s first cause of action, defendant emphasizes that there is a distinction between invasion of privacy by publication— that is, making public facts about plaintiff’s private life — and the intrusion into the privacy of plaintiff’s life — a right to solitude or to be “ left alone ” as it is commonly called. Defendant urges this distinction, contending that the District of Columbia does not recognize any right of privacy of the latter type. With this, the court disagrees. No District of Columbia case has been cited to this court by the defendant *304 which holds that there is no recognized cause of action for invasion of the right of privacy, by .so-called intrusion, as compared to acts amounting to publication. Indeed, several recent cases from the District of Columbia, cited by plaintiff, appear to make explicit reference to the right to be free from intrusion into one’s private life as a facet of the general right of privacy (see Bernstein v. National Broadcasting Co., 129 F. Supp. 817, affd. 232 F. 2d 369, cert. den. 362 U. S. 945; Peay v. Curtis Pub. Co., 78 F. Supp. 305). Moreover, the court is convinced that courts and law writers universally recognize both facets of the right of privacy (See Prosser, Torts [3d ed.], p. 833; Restatements, Torts, § 652A [2d ed., Tentative Draft No. 13]). The probable reason that no District of Columbia case has, to date, dealt with a set of facts relating to intrusion, and the fact that .so many more cases, nationally, have dealt with publication rather than intrusion cases, is because invasion by publication is a more common and older evil, whereas it is only recently, through the advent of wiretapping and the computer, that privacy has been threatened through secret surveillance and investigations. Consequently, for the purposes of this motion, it does not matter whether District of Columbia law alone applies to the first cause of action herein, or whether the law of the various ¡States (other than New York) applies, since the cause of action plaintiff alleges is one generally recognized. Nor is the so-called “ public figure ” defense, which is asserted by defendant, relevant, since no publication is involved. Nor can the court agree with the defendant that the first cause of action should be dismissed as superfluous or repetitive of the third cause of action. A plaintiff may plead, upon one basic transaction or set of facts, any number of different violations of duties owed to him. It does not seem appropriate at this point for this court to rule that the two causes of action are one and the same. Only at the time of trial could it know whether diverse proof or damage may be involved. In any event, the plaintiff will be entitled to but one recovery for the same basic acts, notwithstanding the manner in which it is stated in multi causes of action.
Much more serious problems are raised by the defendant’s motion to dismiss the second cause of action. Defendant argues that any common-law cause of action for invasion of privacy in New York is precluded by the line of cases commencing with the leading case (Roberson v. Rochester Folding Box Co., 171 N. Y. 538) to the effect that any cause of action is limited by statute to commercial cases (Civil Rights Law, §§ 50, 51). Indeed, plaintiff Nader makes no claim here under these statu *305 tory sections, and explicitly asserts that he has a common-law cause of action. His contention is two-pronged. Firstly, he argues, there is a common-law right of privacy relating to intrusion which has not been passed on or at least has not yet been explicitly rejected by the courts. Secondly, and in the alternative, plaintiff argues, provisions of the Federal and New York Constitutions will be violated if this court were to- hold that plaintiff Nader cannot maintain his second cause of action. As to the former argument, it is apparently true that no reported New York case has ever involved an action based upon the highly unusual sort of conduct alleged against defendant in this case (and conceded to be so for the purposes of this motion). It is entirely possible that if our Court of Appeals were to be asked to pass upon the unprivileged wiretapping, the “use” of girls, the making of harassing telephone calls, the trailing by private detectives, and the other flagrant acts of investigation, that court might find some facet of the common-law right of privacy to have been invaded. Nevertheless, it is equally true that much of the language in the decided New York cases ban common-law actions where plaintiffs have attempted to assert a violation of a right of privacy.
However, there is presented a constitutional right of plaintiff to privacy — a right to be left alone. The right of privacy stands on high ground, cognate to the values and concerns protected by constitutional guarantees (see U. S. Const., 4th, 5th, 14th Amdts.; Tehan v. Shott, 382 U. S. 406; Griswold v. Connecticut, 381 U. S. 479; Shelley v. Kraemer, 334 U. S. 1; Afro-American Pub. Co. v. Jaffe, 366 F. 2d 649).
Under the circumstances, the court is constrained to allow the second cause of action to stand on constitutional grounds.
Accordingly, the motion is denied.