## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Susan B. Barker

v.

Richmond Newspapers, Inc.

September 27, 1973

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered this day sustaining the demurrer and dismissing this action.

The plaintiff seeks recovery of compensatory and punitive damages for invasion of privacy from the defendant, which publishes daily morning and afternoon newspapers. She alleges that her name and address were wrongfully published by the defendant in its news columns following an incident occurring on April 2, 1972, when she and a companion were criminally assaulted. The companion was killed during the assault and the plaintiff was shot. She alleges that the assailant has not been apprehended and that she has been damaged because the defendant willfully and unreasonably publicized her name and address, thereby making her whereabouts known to the general public including the assailant.

Upon oral argument of the demurrer, the plaintiff takes the position that her motion for judgment is sufficient in law and relies upon Code § 8-650. She asserts that the defendant has used her name and address for "trade purposes" and, further, that in Virginia there is a right to privacy at common law. The plaintiff asserts that she is not alleging that she was defamed but that the defendant has used her name for "newspaper purposes." She argues that this is not a question of "false reporting," but a case of the unreasonable use of a person's name in "truth-

ful reporting." She says that the event could have been reported without the use of her name and address.

The issue to be decided is whether in Virginia a newspaper may be liable to a private individual for invasion of privacy as the result of the use of such person's name and address in the accurate reporting of an event wherein the individual was the victim of a crime.

The answer to the foregoing query is in the negative. Under the facts set forth in this motion for judgment, the court holds that the plaintiff has not stated a cause of action.

The nature of the action for breach of the right of privacy and its development since its introduction in this country in 1890 by Warren and Brandeis has been exhaustively discussed in the cases, texts and treatises on the subject, so no good purpose would be here served by a review thereof. See 62 Am. Jur. 2d *Privacy* § 2, *et seq.*; 14 A.L.R. 2d 752; 168 A.L.R. 446; 138 A.L.R. 22; 7 Wm. & Mary L. Rev. 127 (1966); 48 Cal. L. Rev. 383 (1960); 38 Va. L. Rev. 117 (1952); 4 Harvard L. Rev. 193 (1890). Suffice it to say that a majority of the courts hold that "there is a legal right called the right of privacy, the invasion of which is a tort and gives rise to a cause of action." 62 Am. Jur. 2d *Privacy* § 3, p. 679. The right has been defined as the right of the individual to be let alone and to be free from unwarranted publicity. *Ibid.* at 677; Restatement, Torts § 867.

In Virginia, the right is defined by statute. Code Section 8-650. This statute, taken from the New York statute, was enacted in 1904 and in 1919 was amended to protect dead persons. There is no reported case from the Virginia Supreme Court construing our statute although its restrictive effect has been commented upon in a federal case. *See Bernstein* v. *National Broadcasting Co.* (D. Col. 1955) 129 F. Supp. 817, 829, aff'd 98 App. DC 112, 232 F.2d 369, cert. den. 352 U.S. 945, 1 L. Ed. 2d 239, 77 S. Ct. 267.

The question of whether in Virginia independently of statute the law gives a right of action for invasion of privacy, has apparently never been decided in any reported case by a court of record. The accuracy of the reference to the decision from the predecessor to this court in *Cyrus* v. *The Boston Chemical* in 11 Virginia Law

Register 938 (1906), and reported in subsequent law review articles, is not now susceptible of verification. The judgment order in that case entered on January 29, 1906, based on a jury verdict in favor of the plaintiff for $25.00 appears in our common law order book 7 at page 418, but an exhaustive search of the records in our Clerk's Office for that period of time fails to reveal the original court papers in *Cyrus*. So much for the general background of the action in Virginia.

Under the facts of this case as set forth in the motion for judgment and treating the allegations as they must be on demurrer (*Ames v. American National Bank*, 163 Va. 1, 37, 38 (1934)), the court holds, first, that the facts alleged do not bring this case within the statute in question; and, secondly, even assuming but not deciding that in Virginia there is a common law right of action for invasion of privacy, nevertheless the plaintiff may not recover because the public interest in an event of public or general concern (the commission of a crime of violence) truthfully reported as news justifies any invasion of the privacy of a private individual.

Code § 8-650 insofar as pertinent here provides, in part, as follows:

> Any person whose name, portrait, or picture is used within this State for advertising purposes or for the purpose of trade, without such written consent first obtained, or the surviving consort or next of kin, as the case may be, may maintain a suit in equity against the person, firm, or corporation so using such person's name, portrait, or picture to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use. And if the defendant shall have knowingly used such person's name, portrait, or picture in such manner as is forbidden or declared to be unlawful by this chapter, the jury, in its discretion, may award exemplary damages.

Since our statute was taken from the New York statute (Section 51 of the Civil Rights Law, Consol. Laws, c. 6), the strict construction placed thereon by the New

York courts is most persuasive authority in Virginia. Here the defendant admittedly has not used the plaintiff s name and address in an advertisement. Moreover, use of the name and address in an accurate news report is not use "for purposes of trade" within the meaning of the statute. See *Chaplin* v. *National Broadcasting Co.*, 15 F.R.D. 134 (S.D. N.Y. 1953), wherein a tape recording of the famous actor's voice made without his knowledge and used on the air was held not protected by the New York statute because it was not used "for purposes of trade" since it was used on a newstype program and was not an advertisement or fictional production.

The right of privacy action provided for by the Virginia statute seems limited to Dean Prosser's class four, that is, appropriation for the defendant's advantage of the plaintiff's name or likeness. 62 Am. Jur. 2d at 678; 48 Cal. L. Rev. 383. The plaintiff here concedes that there was an accurate truthful report of a news event, therefore, she has no right of action under the statute.

Apart from the statute and assuming that in Virginia the common law recognizes an action for breach of the right to privacy, the plaintiff may not recover. It cannot be disputed that the plaintiff, even though involuntarily, has become involved in an event of public or general concern, that is, the commission of a crime of violence and the resulting enforcement of the criminal laws. *Rosenbloom* v. *Metromedia*, 403 U.S. 29, 29 L. Ed. 2d 296 at 312, 91 S. Ct. 1811 (1971). To recognize and uphold the privilege of the press to enlighten the public by truthful reporting of such an event, the public interest justifies any invasion of the private individual's privacy in the course of such reporting provided there "is some logical connection between the plaintiff and the matter of public interest." 48 Cal. L. Rev. at p. 414. Warren and Brandeis alluded to this concept in connection with public figures when they wrote in 1890 that the "right to privacy does not prohibit any publication of matter which is of public or general interest." 4 Harvard L. Rev. at p. 214. "The factual reporting of newsworthy persons and events is in the public interest and is protected." *Spahn* v. *Julian Messner, Inc.*, 18 N.Y.2d 324, 221 N.E.2d 543, 545 (1966), cited in *Time Inc.* v. *Hill*, 385 U.S. 374, 17 L. Ed. 2d 456 at 464, 87 S. Ct. 534 (1967).

Here, unfortunately, the plaintiff was the victim of a crime and was thrust into view of the public eye unwillingly. The event was one of legitimate public interest and the publication of her name and address is logically connected therewith and is not a violation of her legal right of privacy. The right of the individual to privacy is limited by the public's right to have a free dissemination of news and information. For a collection of recent cases dealing with the right of the press to publish information about the victims of crimes as it relates to the individual's right of privacy. *See* 14 A.L.R.2d 750, Later Case Service, § 8 (1973). *See also* Restatement, Torts, § 867, comment c.

The plaintiff relies on two cases to support her position, *Fuller* v. *Edwards*, 180 Va. 192 (1942), and *Reed* v. *Real Dectective Pub. Co.*, 162 P.2d 133 (Ariz. 1945), neither of which are on point.

For these reasons, the demurrer is sustained and the motion for judgment is dismissed.