<hr />

(63 Misc. Rep. 320.)

### ITALIAN IMPORTING CO. v. SPODARO.

(Supreme Court, Appellate Term. May 27, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—SUMMONS—FICTITIOUS NAME.

    Under Municipal Court Act (Laws 1902, p. 1498, c. 580) § 27, providing that the summons must be addressed to defendant by name, or, if his name be unknown, by a fictitious name, due service of a summons addressed to "Nicholas Spodaro, the name Nicholas being fictitious," gives jurisdiction.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. PROCESS (§ 163*)—AMENDMENT—NAME OF PARTY.

    Jurisdiction having been acquired by a summons addressed to "Nicholas Spodaro, the name Nicholas being fictitious," Code Civ. Proc. § 451, pro-

<hr />

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

viding that, when the name or remainder of the name becomes known, an order must be made by the court, on notice, that the proceedings already taken be deemed amended, by the insertion of the true name in place of the fictitious name, or part of name, requires the court to amend the papers, including the attachment, by striking out the words "the name Nicholas being fictitious," on its being learned that Nicholas was the true Christian name of defendant.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 163.*]

3. APPEARANCE (§ 9*)—RECORD—GENERAL APPEARANCE.

On a record showing the defendant appeared by attorney and moved to vacate the attachment, no special appearance being noted, it must be held the appearance was general, and not solely for purpose of the motion.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Italian Importing Company against Nicholas Spodaro; the name Nicholas being fictitious. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Ferdinand E. M. Bullowa, for appellant.
Abraham Kalisky, for respondent.

DAYTON, J. Plaintiff sued to recover for goods sold and delivered to N. Spodaro, and obtained an attachment on the ground that defendant had concealed himself with intent to avoid service of summons, to defraud his creditors, and was about to dispose of his property with the like intent. The summons was duly served and the warrant executed in the absence of defendant from his place of business. On the return day, February 25th, the defendant appeared by Abraham Kalisky, Esq., attorney, and moved to vacate the attachment, which motion was granted, and the case set down pleading for March 9th. No special appearance was noted. On February 25th plaintiff obtained an order to show cause why the order made, but not yet entered, vacating said attachment should not be vacated and reargument had; a stay being granted meanwhile. That motion coming on to be heard, and it then appearing that Nicholas was the true name of the defendant, the court denied the motion for reargument, again vacated the attachment, and gave judgment for the defendant. Plaintiff appeals from the judgment and brings up for review the order.

The order recites that the motion to vacate the attachment and dismiss the action was "upon the sole ground that the summons and attachment papers were addressed to the defendant under a fictitious name." The order further recites that plaintiff moved to amend nunc pro tunc "by striking therefrom [the papers], after the defendant's name, the words describing his name as fictitious," and also, "the court being satisfied that the defendant's name is Nicholas Spodaro." The trial court in a memorandum said:

"I do not think a warrant of attachment, void ab initio because it purports to be directed against the property of a person whose name is alleged to be fictitious, and which clearly presents a defect which goes to the jurisdiction

of the court, can be so amended and corrected as to give that life and force which had none from the beginning. I cannot, therefore, treat the words 'the name Nicholas being fictitious,' etc. as mere surplusage."

Section 27 of the Municipal Court act (Laws 1902, p. 1498, c. 580) provides that the summons must be addressed to the defendant by name, or, if his name be unknown, by a fictitious name. The summons here was therefore lawfully issued and served. In Furman v. Walter, 13 How. Prac. 348, Judge Paige said:

"An attachment under the Code is not original process, and by it suit is not commenced, nor upon it alone can a judgment be obtained; but it is a provisional remedy adopted in a suit already commenced. * * * It is not like the cases of attachments under the Revised Statutes, or a special proceeding or original process, where a strict compliance with all the requirements of law are necessary to confer jurisdiction. * * * It is essential to a fair administration of justice that a process so important and potential should be under the control of the court, to the end that the just benefits of it should be secured to the creditor, while it should not be allowed to be used as an engine to oppress the debtor."

The court below having acquired jurisdiction by the service of the summons, it had the power and it was its duty to amend the papers by striking therefrom the words describing part of defendant's name as fictitious. Section 451, Code Civ. Proc., is mandatory in this regard. Furthermore, it must be held on this record that defendant's appearance was general, and not solely for the purpose of moving to vacate the attachment. Patrick v. Solinger, 9 Daly, 150, does not countervail the conclusion that the order and judgment should be reversed, with costs to the appellant.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.