Jambs D. Hopkists, J.
Three motions have been submitted in this action: (1) an application by the plaintiff for a temporary injunction, restraining the defendants from the enforcement of a regulation, allegedly unreasonable, which prohibits the tenants in the apartment house owned by the defendant Rumsey Realty Corp. from parking more than two automobiles in the space reserved for parking adjacent to the apartment house; (2) an application by the defendant owner and the defendant Nehring Brothers, Inc., the manager of the apartment house, for judgment on the pleadings; (3) an application by the defendant Brown Brothers Auto Service to dismiss the complaint, because service has improperly been made.
The application by the defendants owner and manager for judgment on the pleadings will be considered first, since the plaintiff’s application for a temporary injunction obviously depends on a valid cause of action (Nelson v. Nahtel Corp., 248 App. Div. 221; 10 Carmody-Wait, New York Practice, § 14, pp. 531-532).
The complaint alleges that the plaintiff is a tenant under a written lease in the apartment house; that he was induced to enter into the lease by representations that transportation would be provided by the landlord from the building to the Grand Central area of New York City, and that free parking would be furnished on the premises for tenants and their guests; that such transportation was not provided, and plaintiff was thereby compelled to purchase a second automobile; that free parking was furnished until July 1, 1961, when parking for plaintiff’s second automobile and the automobiles of his guests has been refused by the landlord; that the landlord has threatened to remove such automobiles from the premises. The plaintiff further alleges that on these facts he is entitled to a permanent injunction restraining the defendants from enforcing the regulation prohibiting the parking of his second automobile and the automobiles of his guests. The complaint does not annex the lease as an exhibit.
The notice of motion for judgment on the pleadings states that it is made “ on the pleadings and the affidavits submitted by the plaintiff and the defendants ”. But affidavits may not be considered on a motion for judgment on the pleadings (Gracie Sq. Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 278; Dold v. County of Niagara, 270 App. Div. 344). The court cannot therefore take notice of the provisions of the lease, which is attached as an exhibit to one of the opposing affidavits to plaintiff’s application for a temporary injunction, for the purpose of granting judgment on the pleadings in favor of the *59 moving defendants. Since their application is based on the provisions of the lease (which is not attached to their answer), the application for judgment on the pleadings is denied.
However, the opposing affidavits may be considered on plaintiff’s application for a temporary injunction where plaintiff’s right to the ultimate relief sought in his complaint is uncertain, an injunction pendente lite will not be issued (Brighton by the Sea v. Rivkin, 201 App. Div. 726; Shubert Theatrical Co. v. Gallagher, 200 App. Div. 596). The lease between the parties is silent both as to any provision for transportation or parking. In Fogelson v. Rachfay Constr. Co., (300 N. Y. 334) the Court of Appeals reversed the courts below which had granted an injunction requiring a landlord to carry out an oral promise to furnish free bus service to schools and subways, because the written lease had not so provided, and the parol evidence rule forbade the alteration of the lease on a matter vital to the tenancy, in spite of the undenied fact that the landlord had supplied the bus service for some 19 years.
There is a line of cases which permit the enforcement of rights on the theory of an estoppel against a vendor who makes oral representations as to the use of adjoining land, inducing the vendee to purchase property (Hofmann v. Hofmann, 172 Misc. 378, affd. 259 App. Div. 820, mod. 283 N. Y. 730; Phillips v. West Rochaway Land Co., 226 N. Y. 507). Indeed, one case has extended the doctrine in Hofmann to a representation made by a landlord to a tenant, but the court was careful to point out that the representation concerned the future use of adjoining land, rather than a service to be furnished by the landlord to the tenant (see Lemkin v. Gulde, 16 Misc 2d 1003, affd. 8 A D 2d 944; Lemkin v. Gulde, 25 Misc 2d 144).
For this reason the plaintiff’s ultimate right is so far clouded with doubt that the drastic remedy of a temporary injunction should not be granted. Plaintiff’s application is accordingly denied.
The motion by the defendant Brown Brothers Auto Service for the dismissal of the complaint is grounded on the claim that it is neither a person nor a corporation, and that William Brown, the owner of the business, has not been named personally as a defendant. It does not appear whether William Brown was served with the summons and complaint. However, an appearance has been made on behalf of Brown Brothers Auto Service in the action. A person may be sued under a fictitious name, if his true name is unknown to the plaintiff (Civ. Prac. Act, § 215). When the name becomes known, an order of the court must be made inserting the true name in the title. The motion is there *60 fore denied, with leave to the plaintiff to apply for an order amending the title of the action (cf. Italian Importing Co. v. Spodaro, 63 Misc. 320; see, also, Avery v. O’Dwyer, 280 App. Div. 766, affd. 305 N. Y. 658). Submit order or orders on notice.