Joseph A. Suozzi, J.
This is a motion to dismiss the action against George Naiman on the grounds that no order of the court was obtained permitting his joinder as a party defendant (CPLB 305), and that he is not subject to the jurisdiction of the court ('CPLB3211, subd. [a], par. 8).
This is a consolidated action in which damages are sought against multiple named defendants who allegedly conspired with the principal defendant, Mark Matthews, for the purpose of *177 assisting him in fraudulently misrepresenting his financial worth to induce the plaintiff to accept a property agreement in settlement of a marital action. Several defendants are designated in the action as “ John Doe, [etc.] such names being fictitious, the true names of such persons being unknown to the plaintiff
The plaintiff, by service of a notice allegedly made pursuant to section 1024 of the Civil Practice Law and Rules, has added the name of the movant as a party defendant stating his name is substituted for that of John Doe, an unknown defendant. The service of this notice rests upon plaintiff’s assertion that she has subsequently discovered the movant is one of the co-conspirators. The movant, George Naiman, however, has been known to the plaintiff since the inception of the action inasmuch as he originally appeared as attorney for many of the named defendants.
In the opinion of the court, the movant is not an unknown defendant within the purview of section 1024 of the Civil Practice Law and Rules. That section, and the statutes from which it derived, are applicable to a case where a cause of action is known to exist against one whose name only is unknown, and not to a situation where a cause of action is not known to exist against a person whose name and identity are known (Town of Hancock v. First Nat. Bank of Oxford, 93 N. Y. 82, 86). The statute from which section 1024 is taken did “ not permit the use of a fictitious name, applicable to no specific individual, but adopted as an expedient to cover the name of a person not sued, not intended to be sued, and whom the plaintiff only purposes [proposes] to make a defendant if he discovers at some later period that he ought to do so.” (Town of Hancock v. First Nat. Bank of Oxford, supra, pp. 85-86.) It follows that section 1024 cannot be utilized by the plaintiff in this case as a device to designate the movant as a party.
The remedy of the plaintiff, if any, is to obtain leave of the court to add the movant as a party defendant upon the service of a supplemental summons (CPLR 305). However, inasmuch as section 1024 is not applicable, the court need not decide whether the provisions of such section now permit the caption of an action to be amended to identify an unknown defendant by service of a notice instead of an order as required under the former practice (Franklin v. Rumsey Realty Corp., 32 Misc 2d 57, 59-60). The motion is granted.