ABKCO INDUSTRIES, INC., Respondent, v JOHN LENNON et al., Appellants, et al., Defendants. (Action No. 1.)

ABKCO INDUSTRIES, INC., Respondent, v APPLE CORPS LTD. et al., Appellants. (Action No. 2.)

First Department, June 8, 1976

*Max Freund* of counsel *(Peter F. Nadel, Robert W. Gottlieb* and *Stephen L. Ratner* with him on the brief; *Rosenman Colin Freund Lewis & Cohen,* attorneys), for respondent.

*Owen McGivern* of counsel *(Benjamin Vinar, Robert L. Magielnicki* and *John W. Wall* with him on the brief; *Eastman & Eastman,* attorneys, and *Donovan Leisure Newton & Irvine* of counsel), for Paul McCartney, appellant.

*Peter K. Leisure* of counsel *(Robert S. Lipton* and *George Kahale, III,* with him on the brief; *Curtis, Mallet-Prevost, Colt & Mosle,* attorneys), for Michael B. Boreham, appellant.

*Richard W. Hulbert* of counsel *(Cleary, Gottlieb, Steen & Hamilton,* attorneys), for John Lennon and others, appellants.

*Reavis & McGrath* of counsel on the issue of in personam jurisdiction for Richard Starkey, appellant.

NUNEZ, J. In two actions (hereinafter referred to as the 1973 action and the 1974 action) by ABKCO Industries, Inc., a theatrical manager, against its former clients, the Beatles, and their related companies, appeals are taken from six orders. In 1969 plaintiff entered into a management contract in London, England with three of the Beatles (other than McCartney) and the Beatles group of companies. McCartney, charging that the agreements with plaintiff wasted partnership assets, commenced proceedings in England to dissolve the Beatles partnership. After the termination of the management agreement, the plaintiff began a spate of actions in New York and California to recover sums loaned to the Beatles and their companies. On November 1, 1973, some months following the last of plaintiff's suits, the Beatles, except McCartney, and fourteen of their companies sued plaintiff and its president, Alan B. Klein, in England alleging the management contract had been induced by misrepresentations and breach of fiduciary duty.

On November 8, 1973, the 1973 action was commenced against six New York and three California corporations affiliated with the Beatles and against all of the individual Beatles, the wife of one of them and 10 John Does. For John Doe No. 1 the plaintiff substituted Michael Boreham, an English solicitor, representing the Beatles other than McCartney, serving him in December, 1974, when he came to New York to confer with the Beatles' New York attorneys in reference to the English litigation and the defense of the 1973 action. That action alleges 42 counts. As to defendants other than Boreham, i.e., John Doe No. 1, and McCartney, the plaintiff seeks judgment for commissions owing and to accrue in the future, for repayment of loans and for compensation in *quantum meruit.* Nearly 19 million dollars is thereby sought. Count 42 against all defendants sounds in conspiracy, with overtones of the tort of inducing breach of contract and fraud and seeks an additional 34 million dollars including 10 million dollars in punitive damages.

In the 1974 action, plaintiff brought suit against the Beatles' English companies seeking four and one-half million dollars. Quasi in rem jurisdiction over six corporations in the two actions was obtained by attachment of assets belonging to these corporations. The defendants moved to dismiss the action for *forum non conveniens,* insufficiency, lack of personal jurisdiction, and lack of subject matter jurisdiction over the English corporate defendants. The issue of personal jurisdiction was referred to Dean Joseph McLaughlin, Referee, who found that while defendant Apple Corps Ltd. does no business in New York, nonetheless, personal jurisdiction was acquired because Apple Corps Ltd. acted through its alter egos, two subsidiary corporations which the Referee treated as mere departments of Apple Corps Ltd. Dean McLaughlin found that jurisdiction over Starkey (better known as Ringo Starr), who was served in England where he resides, could not be obtained under CPLR 302 since the cause of action does not arise out of the business Starkey may be doing in New York. However, Justice MARKOWITZ found that Starkey does do business in New York "pervasively, unmistakably, undeniably, continuously and substantially" and that jurisdiction was obtained pursuant to CPLR 301.

With respect to Starkey, CPLR 301 provides: "A court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore." The Second Prelimi-

nary Report of the Advisory Committee on Practice and Procedure (NY Legis Doc, 1958, No. 13, p 38) states that the proposed section is designed to make it clear that neither CPLR 302 nor any similar provision supersedes or operates as a limitation upon acquisition of jurisdiction as previously permitted by law and judicial decision or as permitted by this article or any future provision. The report (p 37) further states that one of the objectives of the drafters of the CPLR is to make it possible for a litigant in the New York courts to take full advantage of the State's constitutional power over persons and things. In *Tauza v Susquehanna Coal Co.* (220 NY 259 [1917]) jurisdiction over a foreign corporation was sustained even though the cause of action did not arise in the business transacted in New York, because the corporation was "doing business" in New York. Starkey's composing activities, which he has exploited in the United States through attorneys and accountants whom he has retained in New York on a continuing basis, constitute doing business in New York. We reject the assertion that CPLR 301 has preserved the provision contained in section 229-b of the Civil Practice Act limiting the exercise of jurisdiction over nonresident individuals doing business in New York to claims arising from such business in the State. We reject also the assertion that CPLR 302 (subd [a], par 1) limits CPLR 301 to causes of action arising out of the business being done in New York (thereby rendering CPLR 301 redundant when applied to individuals doing business), and hold that where jurisdiction over an individual is obtained independent of CPLR 302 because the individual was "doing business" in New York, jurisdiction will also attach with respect to causes of action which did not arise in New York.

Jurisdiction over Apple Corps Ltd., which does no business in New York, was acquired by service on its subsidiary in New York, the alter ego of the parent through which it acted *(Public Administrator v Royal Bank of Canada,* 19 NY2d 127). Furthermore, the test for doing business in New York under section 1314 (subd [b], par [5]) of the Business Corporation Law where both parties are foreign corporations is the same as under CPLR 301 (see *Fremay, Inc. v Modern Plastic Mach. Corp.,* 15 AD2d 235 [1st Dept, 1961]).

We now consider, and reject, the contention that the actions should be dismissed on the ground of *forum non conveniens.* Substantial nexus with New York exists. Plaintiff was to

perform in New York most of its managerial and promotional activities on behalf of the Beatles and the Beatles derive most of their income from New York. The voluminous records plaintiff requires to prove its claims are in New York; plaintiff would incur expenses so large including cessation of its business located in New York, in pursuing the action in England that it might be required to abandon the action; and the judicial effort in the New York actions already exceeds that present in *Mirabella v Banco Industrial,* 43 AD2d 489 [1st Dept, 1974]) where we held dismissal for *forum non conveniens* would not be justifiable where substantial pretrial disclosure had been effected here, despite the existence of other factors which support dismissal by application of the doctrine. *Silver v Great Amer. Ins. Co.* (29 NY2d 356) does not require a contrary conclusion. In that case it was held that the application of the doctrine should turn on consideration of all pertinent factors, including justice, fairness, and convenience, and not solely on the residence of one of the parties. Applying those considerations to the facts herein, we conclude that the doctrine of *forum non conveniens* should not be invoked.

Turning to the allegation of conspiracy, count 42 pleads in conclusory terms that all the conspirators entered into a course of conduct and engaged in acts to harm plaintiff. Exactly what those acts are cannot be discerned. There is no substantive tort of conspiracy. *(Goldstein v Siegel,* 19 AD2d 489, 493.) If plaintiff is claiming a conspiracy to induce breach of contract, the fact is that there was no breach but merely an expiration of the contract. Furthermore, the conspirators would be charged with inducing the breach of their own contract, an impossibility. If count 42 is a claim of fraud, it is deficient for failing to particularize the wrong in detail as required by CPLR 3016 (subd [b]) and for failing to particularize all of the necessary elements of the fraud. It is the only count involving McCartney and Boreham (called therein John Doe No. 1). Accordingly, the action as aginst McCartney and Boreham should be dismissed for insufficiency.

Additionally, for Boreham, another basis for dismissal exists. CPLR 1024 allows use of the John Doe caption only where plaintiff is ignorant of the name or identity of a proper party defendant. Boreham's name and identity had been known to the plaintiff well before the lawsuit was instituted. If plaintiff wished to add Boreham as a party, plaintiff should have acted in accordance with CPLR 305. Plaintiff's failure to

do so by itself requires dismissal of the action as against Boreham (see *Matthews v Schusheim,* 42 Misc 2d 176).

There remain for consideration the orders denying disqualification of plaintiff's attorneys and the order under the caption of both actions allowing plaintiff a premature right to file a note of issue and statement of readiness in each action. Requests to disqualify the law firm representing the other party are becoming common practice (see Kupferman, The Unfortunate Lawyer, The Advocate, vol 22, No. 3, May—June, 1975, p 71). While plaintiff's counsel represented the Beatles in the past, such prior representation does not impinge on the Beatles' interests herein. No confidential information was imparted to counsel during the prior representation of the Beatles and there is no substantial relationship between the prior representation and these lawsuits.

Finally, we hold that to permit plaintiff to file a statement of readiness upon joinder of issue in each action was improper. No unusual factors exist to depart from subdivision (d) of section 660.4 of the Rules of New York and Bronx Counties Supreme Court (22 NYCRR 660.4 [d]). Discovery has not been completed. There is no reason to give this case preference over other matters pending.

The order of the Supreme Court, New York County (MAR-KOWITZ, J.), entered December 4, 1975, insofar as appealed from, should be modified, on the law, to the extent of granting McCartney's motion to dismiss the complaint as insufficient against him, and otherwise affirmed;

The order of the Supreme Court, New York County (MAR-KOWITZ, J.), entered December 4, 1975 in the 1974 action, raising jurisdictional and other issues, should be affirmed;

The orders of the Supreme Court, New York County (MAR-KOWITZ, J.), entered December 4, 1975 denying the motions to disqualify plaintiff's counsel, should be affirmed;

The order of the Supreme Court, New York County (MAR-KOWITZ, J.), entered December 23, 1975, insofar as appealed from, should be modified, on the law and in the exercise of discretion, to the extent of denying plaintiff's cross motion for leave to file a note of issue and statement of readiness immediately upon joinder of issue in each action, and otherwise affirmed; and

The order of the Supreme Court, New York County (MAR-KOWITZ, J.), entered July 31, 1975, insofar as appealed from,

should be modified, on the law, to the extent of granting Boreham's motion to dismiss the action as against him, and otherwise affirmed, all without costs and without disbursements.

Settle orders.

SILVERMAN, J. (dissenting in part). I would dismiss this action as to defendant Starkey on the ground of lack of jurisdiction of the person of said defendant. I think that CPLR 301 is not a grant of jurisdiction beyond the jurisdiction that the New York State courts exercised before the adoption of the CPLR. As said defendant is a nonresident individual, he would not have been subject under the former Civil Practice Act to the jurisdiction of the New York courts by service outside the State in an in personam action not arising out of the transaction of business within State even though said defendant might have been doing business within the State. (Cf. *Tomaselli v Martens,* 283 App Div 742.) I do not think CPLR 301 changes this rule.

KUPFERMAN, J. P., MURPHY and LUPIANO, JJ., concur with NUNEZ, J.; SILVERMAN, J., dissents in part in an opinion as to defendant Starkey for lack of in personam jurisdiction.

Order, Supreme Court, New York County, entered July 31, 1975, in Action No. 1, insofar as appealed from, unanimously modified, on the law, to the extent of granting Boreham's motion to dismiss the action as against him, and otherwise affirmed, without costs and without disbursements.

Order, Supreme Court, New York County, entered December 4, 1975, in Action No. 1, insofar as appealed from, modified, on the law, to the extent of granting McCartney's motion to dismiss the complaint as insufficient against him, and otherwise affirmed, without costs and without disbursements.

Order, Supreme Court, New York County, entered December 4, 1975 in the 1974 action, raising jurisdictional and other issues, affirmed, without costs and without disbursements.

Orders, Supreme Court, New York County, entered December 4, 1975 denying the motions to disqualify plaintiff's counsel, unanimously affirmed, without costs and without disbursements.

Order, Supreme Court, New York County, entered December 23, 1975, insofar as appealed from, unanimously modified, on the law and in the exercise of discretion, to the extent of

denying plaintiff's cross motion for leave to file a note of issue and statement of readiness immediately upon joinder of issue in each action, and otherwise affirmed, without costs and without disbursements.

Settle orders on notice.