**Agnes ELIAH, Plaintiff,**

v.

**UCATAN CORPORATION and Ziff-Davis Publishing Company, Defendants.**

Civ. No. 76–211.

United States District Court, W. D. New York.

June 28, 1977.

James C. Heaney, Buffalo, N.Y., for plaintiff.

Leonard Berkowitz, Walawender & Berkowitz, Buffalo, N.Y., for defendant, Ucatan.

Daniel M. Darragh, Moot, Sprague, Marcy, Landy, Fernbach & Smythe, Buffalo, N.Y., for defendant, Ziff-Davis Publishing Co.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff, a New York resident, commenced this action alleging an invasion of her right of privacy. The complaint sets forth two causes of action, the first premised upon a common law right of privacy and the second setting forth a statutory claim based upon alleged violations of plaintiff's civil rights under section 51 of New York's Civil Rights Law. Both defendants have moved to dismiss the common law cause of action. Ucatan Corporation ("Ucatan") moves for dismissal of the complaint as to it for lack of personal jurisdiction.

Ucatan, a Florida corporation, makes and sells suntan lotion. Its sole manufacturing facility is in Destin, Florida. Corporate gross sales during the past twelve months totalled approximately $90,000 with only 8% of such sales to customers outside the state of Florida. Since its incorporation in May of 1973, sales to New York residents have been less than $400 and have been made solely through mail orders. Ucatan does not maintain an office or have any employees in New York, and does not solicit business through any in-state sales representatives, telephone or business listings.

Ziff-Davis Publishing Company ("Ziff-Davis"), a Colorado corporation, publishes and distributes various magazines, periodicals and books throughout the United States, including the State of New York.

Plaintiff alleges that Ucatan photographed her in a bathing suit and then, to promote its suntan products, used such picture in an advertisement which appeared in

the Spring 1976 issue of *Skiing Magazine*.[1] Plaintiff contends that this use by Ucatan of her photograph for purposes of advertising its products and the publication and distribution of the magazine throughout the United States and in New York by Ziff-Davis were without her consent or authorization.

■ In a diversity action, this Court must follow the substantive law of New York, including its conflicts of laws principles. *Klaxon Co. v. Stantor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Alland v. Consumers Credit Corporation,* 476 F.2d 951, 955 (2d Cir. 1973). In determining which state's law is applicable, New York employs the most significant relationship test. *Babcock v. Johnson,* 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963). In the case at hand, New York State has the most significant relationship with the subject matter in dispute. Plaintiff is a resident of the State of New York and it is here that she suffered the impact of the alleged invasion to her right of privacy. No other forum has a greater interest in the outcome of this litigation. *See, Nader v. General Motors Corp.,* 25 N.Y.2d 560, 307 N.Y.S.2d 647, 255 N.E.2d 765 (1970); *Strickler v. National Broadcasting Company,* 167 F.Supp. 68 (S.D.Cal.1958); *Bernstein v. National Broadcasting Company,* 129 F.Supp. 817 (D.D.C.1955), *aff'd,* 98 U.S.App.D.C. 112, 232 F.2d 369 (1956).

■ It is settled that New York does not recognize a common law right of action for invasion of privacy arising out of the unauthorized use of a photograph in an advertisement. *Roberson v. Rochester Folding Box Co.,* 171 N.Y. 538, 64 N.E. 442 (1902); *Manger v. Kree Institute of Electrolysis,* 233 F.2d 5 (2d Cir. 1956). Plaintiff contends, nonetheless, that her common law claim should not be dismissed because other jurisdictions in which the magazine containing Ucatan's advertisement was published

and distributed recognize such common law cause of action. Plaintiff asserts that each and every sale throughout the United States of a copy of the magazine is a distinct and separate publication giving rise to a separate cause of action.

■ New York has adopted the single publication rule. *Gregoire v. G. P. Putnam's Sons,* 298 N.Y. 119, 81 N.E.2d 45 (1948). The purpose of this rule is to prevent multiplicity of lawsuits and to ensure that substantive issues will be governed by the law of one jurisdiction. *Buckley v. New York Post Corporation,* 373 F.2d 175 (2d Cir. 1967); *Mattox v. News Syndicate Co.,* 176 F.2d 897 (2d Cir. 1949). The single publication rule applies across state boundaries to interstate publications. *Zuck v. Interstate Publishing Corp.,* 317 F.2d 727 (2d Cir. 1963).

■ Under this rule, a single integrated publication, such as one issue of a magazine, is viewed collectively and gives rise to only one cause of action. The distribution and/or sale of each copy of a magazine in a particular issue does not constitute a distinct and separate publication. The mass publication of a photograph for advertising purposes without the requisite authorization constitutes a single wrong. *Sorge v. Parade Publications, Inc.,* 20 A.D.2d 338, 247 N.Y.S.2d 317 (1st Dep't 1964).

■ The alleged multistate publication of plaintiff's photograph without her consent thus gives rise to a single cause of action. Under applicable conflicts of law principles, plaintiff's rights are determined by New York law and, as stated earlier, New York does not recognize a common law cause of action for invasion of privacy. Plaintiff's sole cause of action is statutory and provided by section 51 of New York's Civil Rights Law. Plaintiff, therefore, does not have a common law cause of action. However, evidence of the multistate publication of the magazine and the number of

---

1. There is not any allegation in the Complaint that Ziff-Davis has any responsibility for the publication and/or distribution of such publication; but all parties are proceeding as if it did.

On oral argument Ziff-Davis's attorney said that it admitted *arguendo* publication throughout the United States.

copies sold would be competent and pertinent to a showing of damages, if any, suffered by plaintiff. *Gregoire v. G. P. Putnam's Sons, supra; see, also, Bernstein v. National Broadcasting Company, supra,* at 826.

Plaintiff has the burden of providing by a preponderance of the evidence that this Court has personal jurisdiction over the defendants. *Arcata Graphics Corp. v. Murrays Jewel. & Dist., Inc.,* 384 F.Supp. 469 (W.D.N.Y.1974). In a diversity action the amenability of a foreign corporation to suit in a particular federal court is determined in accordance with the law of the state wherein the court is situated. *Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2d Cir. 1963). Section 302(a)(2) of New York's Civil Practice Law and Rules provides that a court may exercise personal jurisdiction over any nondomiciliary who in person *or through an agent* commits a tortious act within the state. The alleged use of plaintiff's photograph for advertising purposes within New York without her written consent is a statutory tort violative of section 51 of New York's Civil Rights Law. *Gautier v. Pro-Football, Inc.,* 278 App.Div. 431, 106 N.Y.S.2d 553 (1st Dep't 1951). The Spring 1976 issue of *Skiing Magazine* in which Ucatan's advertisement appeared evidently was published and distributed in New York State by Ziff-Davis. If Ziff-Davis acted as Ucatan's agent within the meaning of CPLR § 302 by publishing such advertisement, this Court has personal jurisdiction over Ucatan.

At the outset it should be noted that, in suits by third parties, the term "agent" contained in CPLR § 302 has been given a liberal interpretation by the New York courts. *See, Parke-Bernet Galleries, Inc. v. Franklin,* 26 N.Y.2d 19, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970); *John De Nigris Assoc., Inc. v. Pacific Air. Tr. Int., Inc.,* 38 A.D.2d 363, 329 N.Y.S.2d 939 (1st Dep't 1972); *Elman v. Belson,* 32 A.D.2d 422, 302 N.Y.S.2d 961 (2d Dep't 1969); *Hodom v. Stearns,* 32 A.D.2d 234, 301 N.Y.S.2d 146 (4th Dep't 1969).

I am cognizant that an inference of agency cannot be sustained between two separate corporate entities not commonly owned. *Delagi v. Volkswagenwerk Ag of Wolfsburg,* 29 N.Y.2d 426, 328 N.Y. S.2d 653, 278 N.E.2d 895 (1972). There is no requirement, however, that a formal or exclusive agency exist before the acts of an in-state representative may be imputed to the nondomiciliary in an action brought by someone other than the purported agent. *Galgay v. Bulletin Company, Inc.,* 504 F.2d 1062 (2d Cir. 1974); *PPS, Inc. v. Jewelry Sales Representatives, Inc.,* 392 F.Supp. 375 (S.D.N.Y.1975); *Frummer v. Hilton Hotels Internat'l, Inc.,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967). In a suit by a third party against a nonresident in which suit it is alleged that the nonresident's representative acted within New York State on the nonresident's behalf, the court must determine whether such nonresident requested the performance of that purposeful activity in New York and whether such in-state activity benefitted him. *Arcata Graphics Corp. v. Murrays Jewel. & Dist., Inc., supra; Orient Mid-East Airlines, Inc. v. Albert E. Bowen, Inc.,* 297 F.Supp. 1149 (S.D.N.Y.1969); *see, also,* McLaughlin, *Practice Commentaries,* CPLR § 302 (McKinney's Supp.1975). If this two-pronged test is satisfied, the in-state activity of the representative is attributable to the nonresident.

In the instant case, Ucatan did not itself commit a tortious act within New York State. However, the above-cited cases lead me to conclude that the publication in New York by Ziff-Davis of the disputed advertisement is properly attributable to Ucatan for jurisdictional purposes. In performing such purposeful in-state activity, Ziff-Davis was acting for and in behalf of Ucatan. Although it is not clear exactly how Ucatan arranged for its advertisement to appear in the Spring 1976 issue of *Skiing Magazine,* such assumedly was accomplished by contract with the magazine's publisher. Ziff-Davis was thus acting at Ucatan's request pursuant to their agreement and obviously Ucatan benefitted economically from the promotion of its prod-

**314**

ucts. In addition, Ucatan—again assumedly—contracted for the advertisement with chargeable knowledge that such magazine would be widely distributed in states, such as New York, where skiing is a popular sport. Under these circumstances, I hold that Ziff-Davis was the agent of Ucatan with respect to the publication of the advertisement in New York within the meaning of CPLR § 302.

It is therefore,

ORDERED that defendants' motion to dismiss the common law cause of action is hereby granted; and it is further

ORDERED that Ucatan's motion to dismiss for lack of personal jurisdiction is hereby denied.