GROVE PRESS, INC., et al.,
Plaintiffs-Appellees,

v.

James J. ANGLETON, William E. Colby
and Raymond Rocca,
Defendants-Appellants.

Nos. 258, 259 and 260, Dockets
80–7436, 7438 and 7446.

United States Court of Appeals,
Second Circuit.

Argued Dec. 10, 1980.

Decided May 12, 1981.

Rehearing and Rehearing In Banc
Denied Sept. 9, 1981.

Stephen E. Roady, Washington, D. C.
(Jon T. Brown, Brown & Roady, Washington, D. C. and Michael I. Saltzman, New York City, on the brief), for appellant James J. Angleton.

Earl H. Nemser, New York City (Joseph J. Schiavone, Cadwalader, Wickersham & Taft, New York City, on the brief), for appellant William E. Colby.

Philip L. Chabot, Jr., Washington, D. C. (Carol MacKinnon, Duncan, Weinberg & Miller, P. C., Washington, D. C., on the brief), for appellant Raymond Rocca.

Leon Friedman, Hempstead, N. Y. (Frankfurt, Garbus, Klein & Selz, New York City, on the brief), for appellee Grove Press, Inc., et al.

Before LUMBARD, MULLIGAN * and VAN GRAAFEILAND, Circuit Judges.

* Judge Mulligan concurred in the disposition of this matter prior to his retirement from the Bench but did not have an opportunity to review the written opinion. Accordingly, the re-

VAN GRAAFEILAND, Circuit Judge:

On November 12, 1976, Grove Press, Inc. and two of its officers filed this suit against the Central Intelligence Agency, William Colby, a former CIA director, and several other former CIA employees. For a variety of reasons, only the three above-named defendants are parties to this appeal. The gravamen of plaintiffs' complaint is that defendants' methods of investigation violated plaintiffs' constitutional and statutory rights. *See Grove Press, Inc. v. CIA*, 608 F.2d 926 (2d Cir. 1979). Plaintiffs also allege that the CIA wrongfully refused to provide them with documents from CIA files. *See id.*

Appellants, none of whom is a New York resident, moved to dismiss on the ground that neither the New York long-arm statute, N.Y.Civ.Prac.Law § 302, nor 28 U.S.C. § 1391(e), provided a basis for personal jurisdiction in the Southern District of New York. The district court denied the motion, holding that it had jurisdiction under 28 U.S.C. § 1391(e). We reversed, holding that section 1391(e) did not give the district court personal jurisdiction. We remanded the case to the district court to determine whether it had jurisdiction under New York law. *See id.*

On remand, the district court held that personal jurisdiction exists under section 302(a)(2) which provides in part that a New York court may exercise personal jurisdiction over any nondomiciliary who "in person or through an agent" commits a tortious act within the State. Although appellants personally had committed no tortious acts in New York, the district court found prima facie evidence that unnamed federal officials had done so as appellants' "agents." Accordingly, the district court again denied appellants' motion to dismiss for lack of personal jurisdiction. That order was certified for appeal under 28 U.S.C. § 1292(b). We reverse.

■ Although the New York courts have not marched to the beat of a single drum-

maining two members of the panel submit this opinion pursuant to § 0.14(b) of the Rules of

mer when construing section 302, they have customarily interpreted the term "agent" fairly broadly, especially in suits by injured third parties. *Galgay v. Bulletin Co.*, 504 F.2d 1062, 1065 (2d Cir. 1974); *Eliah v. Ucatan Corp.*, 433 F.Supp. 309, 313 (W.D.N.Y.1977). However, before an agency relationship will be held to exist under section 302(a)(2), a showing must be made that the alleged agent acted in New York for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal. *Louis Marx & Co. v. Fuji Seiko Co.*, 453 F.Supp. 385, 390 (S.D.N.Y. 1978); *Eliah v. Ucatan Corp., supra*, 433 F.Supp. at 313; *Collateral Factors Corp. v. Meyers*, 39 App.Div.2d 27, 29, 330 N.Y.S.2d 833 (1972); *Legros v. Irving*, 77 Misc.2d 497, 500–01, 354 N.Y.S.2d 47 (1973).

In *Marsh v. Kitchen*, 480 F.2d 1270 (2d Cir. 1973), plaintiff, a New York resident, was arrested by New York-based Secret Service agents. We held that the United States District Court for the Southern District of New York had no personal jurisdiction under section 302(a)(1) and (2) over the Secret Service agent in Kansas City who procured the issuance of the arrest warrant or the Assistant United States Attorney for the Western District of Missouri who authorized the filing of the complaint. Judge Timbers, writing for the Court, said:

> Appellees and the Secret Service agents stationed in New York are agents of a common principal—the United States— and not of each other.
>
> . . . . .
>
> Appellees did not stand to benefit from the arrest of Marsh. See *Leasco Data Processing Equipment Corp. v. Maxwell*, 319 F.Supp. 1256, 1260–62 (S.D.N.Y.1970), modified, 468 F.2d 1326 (2 Cir. 1972). Only the United States government acting in the public interest stood to benefit.

*Id.* at 1273.

Although the court below found nothing to suggest that these appellants expected to

the United States Court of Appeals for the Second Circuit.

benefit as individuals from the wrongdoing alleged in the complaint, it concluded, nonetheless, that plaintiff had established prima facie that the New York CIA personnel acted as appellants' agents. The court based this conclusion on what it said was a prima facie showing of a conspiracy to commit the tortious acts which "were carried out in part by co-conspirators in New York." *Grove Press, Inc. v. CIA*, 483 F.Supp. 132, 136 (S.D.N.Y.1980). We find no legal or factual basis for this conclusion.

Under New York law, conspiracy, *per se*, is not a tort. *Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1074 (2d Cir. 1977), *cert. denied*, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 782 (1978); *Kajtazi v. Kajtazi*, 488 F.Supp. 15, 21 (E.D.N.Y.1978); *ABKCO Industries, Inc. v. Lennon*, 52 App.Div.2d 435, 441, 384 N.Y.S.2d 781 (1976). "The damage for which recovery may be had in a civil action is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts." *Rutkin v. Reinfeld*, 229 F.2d 248, 252 (2d Cir.), *cert. denied*, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60 (1956). Accordingly, a bare conclusory allegation of conspiracy does not state a cause of action. *Goldstein v. Siegel*, 19 App.Div.2d 489, 493, 244 N.Y.S.2d 378 (1963).

A conspiracy is alleged for the purpose of showing that a wrong was committed jointly by the conspirators and that, because of their common purpose and interest, the acts of one may be imputed to the others. *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943). The allegation "is merely the string whereby the plaintiff seeks to tie together those who, acting in concert, may be held responsible in damages for any overt act or acts." *Rutkin v. Reinfeld, supra*, 229 F.2d at 252.

 The evidence relied upon by the district court to connect appellants with a conspiracy was extremely weak. It consisted of assertions that appellants approved or failed to disapprove of several internal-security projects conducted by the CIA, which were in excess of that agency's statutory authority. *See* 483 F.Supp. at 136–37. Assuming for the argument that appellants'

conduct was "common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives," *Goldstein v. Siegel, supra*, 19 App.Div.2d at 493, 244 N.Y.S.2d 378, it is undisputed that no part of the "common action" occurred in the State of New York. Plaintiffs have made no showing whatever that any of the unnamed CIA employees who allegedly performed the in-State tortious acts necessary for jurisdiction under section 302(a)(2) were parties to the "common agreement." So far as the record discloses, these individuals, whoever they were, were simply United States employees acting as agents for the United States government. More than this was required to make a prima facie showing that they were appellants' personal agents. *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 92–94 (2d Cir. 1975); *Marsh v. Kitchen, supra*, 480 F.2d at 1273; *Merkel Associates, Inc. v. Bellofram Corp.*, 437 F.Supp. 612, 617–18 (W.D.N.Y. 1977); *Unicon Management Corp. v. Koppers Co.*, 250 F.Supp. 850, 852 (S.D.N.Y. 1966); *Lamarr v. Klein*, 35 App.Div.2d 248, 250–51, 315 N.Y.S.2d 695 (1970), *aff'd*, 30 N.Y.2d 757, 333 N.Y.S.2d 421, 284 N.E.2d 576 (1972).

Appellants also contend that the district court's holding violated their constitutional right of due process. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In view of our holding that section 302(a)(2) does not give the district court personal jurisdiction over appellants, we need not reach that issue.

The order appealed from is reversed, and the matter is remanded to the district court with instructions to dismiss the complaint as to the individual defendants, Angleton, Colby, and Rocca.