**Judith CLARK, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 78 Civ. 2244 (MEL).**

United States District Court, S. D. New York.

June 15, 1982.

Susan V. Tipograph, New York City, for plaintiffs.

John S. Martin, Jr., U. S. Atty., S. D. of N. Y., New York City, for defendant United States of America; William Hibsher, Asst. U. S. Atty., New York City, of counsel.

Cohen, Gettings & Sher, Arlington, Va., for defendant W. Mark Felt; Brian Gettings, Arlington, Va., of counsel.

Diuguid, Siegel & Kennelly, Washington, D. C., for defendant Edward S. Miller.

LASKER, District Judge.

W. Mark Felt and Edward S. Miller move pursuant to Fed.R.Civ.Pr. 12(b)(2) to dismiss the action as to them for lack of personal jurisdiction. Felt and Miller rely on *Grove Press v. Angleton*, 649 F.2d 121 (2d Cir. 1981), and the September 28, 1981 decision in the instant action dismissing the action as to L. Patrick Gray.

In *Grove Press*, the Court of Appeals held that, where jurisdiction over a nondomiciliary defendant is alleged on the basis of an agency relationship between the defendant and an individual who committed a tortious act in New York, the relationship must be a "personal" agency. 649 F.2d at 123. The action in *Grove Press*, was dismissed as to certain defendants who were high officials of the Central Intelligence Agency, because the agents who committed the acts that the defendants allegedly authorized were not acting as the defendants' personal agents, but rather as agents of the United States. Both Felt and Miller have submitted affidavits stating that no agents of the Federal Bureau of Investigation ever acted as their personal agents in the State of New York. (Felt Affidavit, ¶ 6; Miller Affidavit, ¶ 6.)

Plaintiffs have responded by moving for a stay of the determination of the Felt-Miller motions pending discovery on the issue posed. Plaintiffs assert that the transcript in the criminal trial of Felt and Miller, *United States v. W. Mark Felt, et al.*, Crim. No. 79–00179 (D.D.C.), contains testimony establishing that a personal agency between Felt and Miller and the New York agents existed with respect to the acts alleged in the complaint here.

Plaintiffs were afforded an opportunity to present the portions of the criminal trial transcript on which they relied and have done so. Upon review of the material submitted by plaintiffs, we find no testimony concerning any interaction between Felt

and Miller and the New York agents which would suggest the existence of a personal agency.

Plaintiffs insist that the *Grove Press* test is satisfied because Felt and Miller authorized and directed the acts alleged. However, as noted in the decision on the Gray motion, "allegations of substantial involvement do not distinguish this case from *Grove Press*" because the defendants in *Grove Press* were also alleged to have reviewed, approved, directed or supervised their agents' activities, and "[i]t is difficult to imagine greater involvement [in the agent's activities] except for actual participation . . . which plaintiffs do not allege."

Plaintiffs also argue that *Grove Press* is inapplicable because "[t]he fact that Felt and Miller were indicted and prosecuted by the United States government . . . is far different from where only the 'government acting in the public interest stood to benefit,'" (Letter of Susan V. Tipograph, dated May 4, 1982, quoting *Marsh v. Kitchen*, 480 F.2d 1270 (2d Cir. 1973)). We understand this argument to mean that where a government official exceeds his statutory powers, those who carry out his instructions are his personal agents as a matter of law. Whatever merits this argument may have in other contexts, it is clearly not meritorious in this context and in this Circuit. In *Grove Press* itself, the district court found that the New York CIA agents were the personal agents of the out-of-state defendants because the defendants "can[not] . . . be said to have acted on behalf of the United States when they knowingly exercised powers explicitly denied them by the United States Congress." *Grove Press, Inc. v. Centeral Intelligence Agency*, 483 F.Supp. 132, 136 (S.D.N.Y.1980) (Broderick, J.). This ruling was reversed by the Court of Appeals, despite the court's acknowledgement that the actions complained of were alleged to have been "in excess of [the] agency's statutory authority." 649 F.2d at 123. Thus, the fact that Felt and

Miller's activities may have been beyond the scope of their authority is not a basis on which to distinguish the instant action from *Grove Press.*

Finally, plaintiffs have failed to make a threshold showing which would justify allowing further discovery before disposing of this motion. Both Felt and Miller have already answered one set of interrogatories each, and plaintiffs do not contend that there is anything in those answers which would support the assertion of personal jurisdiction. Moreover, the criminal trial of Felt and Miller explored the defendants' relationship with the New York office, and apparently included the testimony of eleven New York agents. (Felt's Memorandum of Law at 2). If there were any facts to support the assertion of personal jurisdiction, it is reasonable to believe that some allusion to those facts would be found in the trial transcript.

Plaintiffs have not produced or suggested the existence of any facts which rebut the defendants' sworn statements that the agents in the New York office did not act as their personal agents at any time. It is understandable that plaintiffs are frustrated by their inability to maintain an action against individuals who were found guilty beyond a reasonable doubt of some of the activities alleged in the complaint. However, plaintiffs chose this forum although they could have sued Felt and Miller in another district and secured unquestionable personal jurisdiction. There are sound reasons for the rules governing personal jurisdiction, and they mandate the dismissal of the action against these defendants.

The motions of defendants Felt and Miller to dismiss the action as to them are granted.[1]

It is so ordered.

