Elizabeth **BARRETT**, Individually and as Administratrix of the Estate of Harold Blauer, Deceased, Plaintiff,

v.

**UNITED STATES** of America, James Cattell, Newton Bigelow, Estate of Amedeo S. Marrazzi, and William M. Creasy, Defendants.

**No. 76 Civ. 381 (CBM).**

United States District Court, S.D. New York.

Oct. 31, 1986.

**OPINION**

MOTLEY, Senior District Judge.

Defendant William M. Creasy has moved to dismiss the above-captioned action with respect to him for lack of personal jurisdiction. The court denied an earlier motion to dismiss made on the same grounds before trial, because at that time plaintiff had made a *prima facie* showing of personal jurisdiction over Creasy. *Barrett v. United States*, 646 F.Supp. 1345 (S.D.N.Y.1986). Familiarity with the court's October 8 opinion denying this earlier motion is assumed here.

Defendant Creasy made the current motion to dismiss after the completion of his testimony in court during trial. As stated in the October 8 opinion, personal jurisdiction may be exercised over Creasy only if it is shown that Creasy benefited personally from the acts of his alleged agents in New York that plaintiff claims furnish the predicate for asserting jurisdiction over Creasy. Counsel for plaintiff has informed the court that plaintiff does not plan to introduce any further evidence to show such benefit. On this basis, the court deemed the trial thus far to have served as an evidentiary hearing on the issue of personal jurisdiction over Creasy. Plaintiff did

not object to this action. In addition, the court notes that plaintiff presented a number of documents at the time of the earlier motion to dismiss, and that extensive legal arguments were made for and against jurisdiction both in written memoranda and in oral argument at that time. The court takes all of this information into account in making its decision here. Thus it is fair to require that plaintiff now show the existence of personal jurisdiction over Creasy by a preponderance of the evidence. *See Marine Midland Bank v. Miller,* 664 F.2d 899, 904 (2d Cir.1981); *Visual Sciences, Inc. v. Intgrated Communications, Inc.,* 660 F.2d 56 (2d Cir.1981).

As discussed in the court's October 8 Opinion at 1350–54, for personal jurisdiction to exist over Creasy based on acts committed in New York by Creasy's alleged agents, these agents must have been representing Creasy in his *individual* capacity, as opposed to Creasy's capacity as Chief of the Army's Chemical Corps. *Green v. McCall,* 710 F.2d 29, 33 (2d Cir. 1983). For this agency relationship to exist, Creasy must have benefited *personally* from the acts of his alleged agents. *Id.* at 34; *Grove Press, Inc. v. Angleton,* 649 F.2d 121, 122–3; *Marsh v. Kitchen,* 480 F.2d 1270, 1273 (2d Cir.1973).

In argument before the court, plaintiff suggested specifically only one potential benefit to Creasy from the cover-up of the Army's involvement in Mr. Blauer's death. Plaintiff pointed out that General Creasy had testified that he was promoted from a one to a two-star general at some time after Mr. Blauer's death. Plaintiff suggests that Creasy's chances of promotion would have been harmed by adverse publicity had the Army's involvement in the death come to light. Plaintiff has failed to provide sufficient evidence for the court to make such a finding, and thus plaintiff has failed to meet her burden of proof on this point. The evidence plaintiff has presented does not show any other personal benefit to Creasy. On the contrary, the court finds that Creasy's instructions to his subordinates were given for what he perceived to be the benefit of his employer, the United States Army.

In addition, speculation about harm to career, without more, cannot provide the basis of a finding of personal benefit for the purpose of asserting jurisdiction in this case. The argument could always be made that the career of the person responsible for a government organization would be harmed in some way if that organization were harmed. Individual harm might occur in the form of lost promotions, budgetary cutbacks, lost prestige, or any number of other ways. Under such a theory, the head of a government orgainzation who asks subordinates to take actions in New York to benefit his or her organization would almost always be subject to the charge that such actions were taken for personal benefit. The law of New York requires more than unsubstantiated speculation about such benefit.

For the foregoing reasons, defendant William Creasy is dismissed from the above-captioned action for lack of personal jurisdiction.

SO ORDERED.